LIBERTY MOBILE HOME SALES, INC. *v.*
DAVID E. CASSIDY ET AL.
(3996)

LIBERTY MOBILE HOME SALES, INC. *v.*
DEPARTMENT OF CONSUMER PROTECTION ET AL.
(4198)

HULL, SPALLONE and BIELUCH, Js.

Argued February 10—decision released April 8, 1986

*Philip L. Steele,* for the appellant (plaintiff in both cases).

*Donald E. Wasik,* assistant attorney general, with whom were *Steven M. Rutstein,* assistant attorney general, and, on the brief, *Joseph I. Lieberman,* attorney general, for the appellee (defendant department of consumer protection).

*Michael J. McVerry* filed a brief for the appellees (named defendant et al. in the first case).

SPALLONE, J. Because the dispositive issue in these appeals is the same, this opinion will be applicable to both. Liberty Mobile Home Sales, Inc. (Liberty), the plaintiff in each action, operates a mobile home park. David E. and Wendy A. Cassidy (Cassidy), defendants with the Department of Consumer Protection (DCP) in the first case, are the owners of a mobile home which is located within the park operated by Liberty. The DCP is a defendant along with Ruth A. Jewett, who also owns a mobile home located in Liberty's park, in the second case, although Jewett has not filed a brief in this appeal.

The sole issue before this court is whether one who fails to petition for a declaratory ruling pursuant to General Statutes § 4-176[1] of the Uniform Administrative Procedure Act (UAPA) is entitled to bring an

---

[1] General Statutes § 4-176 provides: "Each agency may, in its discretion, issue declaratory rulings as to the applicability of any statutory provision or of any regulation or order of the agency, and each agency shall provide by regulation for the filing and prompt disposition of petitions seeking such rulings. If the agency issues an adverse ruling, the remedy for an aggrieved person shall be an action for declaratory judgment under section 4-175 unless the agency conducted a hearing pursuant to sections 4-177 and 4-178 for the purpose of finding facts as a basis for such ruling, in which case the remedy for an aggrieved person shall be an appeal pursuant to section 4-183. If the agency fails to exercise its discretion to issue such a ruling, such failure shall be deemed a sufficient request by the plaintiff for the purposes of section 4-175. Rulings disposing of petitions have the same status as agency decisions or orders in contested cases."

action for a declaratory judgment pursuant to General Statutes § 4-175[2] thereof.

Liberty, in each of the appeals, is contesting the decision of the trial court dismissing its action for a declaratory judgment. The court's decisions were based on the failure of Liberty to exhaust its administrative remedies by not petitioning DCP for an administrative ruling prior to bringing the actions.

The procedural history of each case is the same. Cassidy and Jewett, in separate petitions, requested DCP to issue a declaratory ruling concerning the disapproval by Liberty of the resale of their mobile homes. General Statutes §§ 21-64 through 21-84a contain provisions which authorize DCP to issue licenses for the operation of mobile home parks and also allow DCP to review the conditions imposed by the park operator for the resale of mobile homes. In each case, Liberty gave as a reason for disapproval of the resale of the mobile homes the fact that they did not conform to a nationally recognized building and construction code. The DCP, as to both Cassidy and Jewett, issued declaratory rulings which held in pertinent part that the failure to meet a nationally recognized building or construction code could not constitute a ground for disapproval unless such failure rendered the home unsafe or unsanitary.

---

[2] General Statutes § 4-175 provides: "The validity or applicability of a regulation or order of an agency may be determined in an action for declaratory judgment brought in the superior court for the judicial district of Hartford-New Britain, if the regulation or order, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff. The agency shall be made a party to the action. A declaratory judgment may not be rendered unless the plaintiff has requested the agency to pass upon the validity or applicability of the regulation or order in question, pursuant to section 4-176, and the agency has either so acted or has declined to exercise its discretion thereunder."

Upon the issuance of each declaratory ruling, Liberty filed with DCP a motion for reconsideration and requested a hearing for the purpose of finding facts. DCP declined to do either. Liberty then filed separate actions in the Superior Court with respect to Cassidy and Jewett seeking a declaratory judgment. Both actions were dismissed upon the trial court's finding that Liberty failed to exhaust its administrative remedies. We agree with the trial court.

Although Liberty was neither a petitioner for the declaratory rulings nor a party to the administrative proceedings, it argues, in each case, that the motion for reconsideration it filed before DCP was, in effect, the functional equivalent of the petition for a declaratory ruling that is mandated by General Statutes § 4-175 as a condition precedent to bringing an action for a declaratory judgment.

We find no merit to this contention. The trial court did not err when it found that Liberty failed to exhaust its administrative remedies pursuant to §§ 4-175 and 4-176 before seeking a declaratory judgment. Liberty's requests for reconsideration did not constitute the petition for a declaratory ruling required by § 4-176. Nowhere in the UAPA is there any provision whereby a nonparty to an administrative declaratory ruling may seek reconsideration of the DCP's action. Clearly, the statutory condition imposed by § 4-175 that "[a] declaratory judgment may not be rendered unless the plaintiff has requested the agency to pass upon the validity or applicability of the regulation or order in question, pursuant to § 4-176," was not complied with by Liberty in either case. The language in General Statutes § 4-176 cannot be construed to allow the substitution of a motion by a nonparty for reconsideration of a declaratory ruling issued at the request of others for the statutory requirement of a petition for a declaratory ruling by such nonparty under § 4-176. Where, as

here, the statute is clear and unambiguous, there is no need for judicial construction. *Doe* v. *Manson,* 183 Conn. 183, 186, 438 A.2d 859 (1981).

The plaintiff here has not conformed to the statutory requirement of filing a petition for a declaratory ruling and therefore failed to exhaust the proper administrative remedies. *Connecticut Mobile Home Assn., Inc.* v. *Jensen's Inc.,* 178 Conn. 586, 588, 424 A.2d 285 (1979). Further, the doctrine of exhaustion is grounded in a policy of fostering an orderly process of administrative adjudication and judicial review and a party should not be allowed to interject unnecessary and potentially confusing elements into an otherwise well defined area of the law. See *Connecticut Life & Health Ins. Guaranty Assn.* v. *Jackson,* 173 Conn. 352, 358–59, 377 A.2d 1099 (1977). Its argument that a motion for reconsideration meets the statutory requirements is not persuasive and is violative of the principles addressed above.

We hold in each case that the trial court's finding that Liberty failed to exhaust its administrative remedies and its dismissal of the complaint was proper and in accordance with the law.

There is no error on either appeal.

In this opinion the other judges concurred.