[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff alleges that it applied to the Department of Transportation ("the department") to operate motor vehicles in general livery service, and, after an administrative hearing, its application was granted only in part on May 18, 2001. (Complaint, ¶¶ 2-4). From this CT Page 13468-fm final decision by the department, the plaintiff took an administrative appeal dated June 14, 2001, consisting of two counts. The first count alleges, following § 4-183, that the decision of the department is erroneous, arbitrary and capricious. (Complaint, ¶ 5). In the second count, the plaintiff claims that General Statutes § 13b-103 (b), the statute under which the department made its determination, is unconstitutional. It further asks for the court for "[a] judgment declaring and defining the nature and extent of" a phrase found in the statute[1]. (Complaint, ¶¶ 7-8; prayers for relief, ¶¶ 5-6). The department has moved to strike the second count of the plaintiff's appeal.
The court grants the department's motion. To the extent that the plaintiff challenges the constitutionality of § 13-103 (b), such a claim may not be brought in the context of an administrative appeal[2]. As the Appellate Court stated in Beizer v. Department ofLabor, 56 Conn. App. 347, 362 (2000) in upholding a dismissal of a cross appeal in an administrative appeal regarding unemployment compensation: "Agency appeals to the Superior Court [under § 4-183] exist under statutory authority only . . . Nothing in § 4-183 (j) gives the trial court authority to . . . grant [the cross appellant] the relief he sought. Although the trial court, sitting as a court of general jurisdiction, may have the subject matter jurisdiction and authority to grant [cross appellant] the relief he seeks, it does not have that authority when it sits as an appellate court pursuant to the act." See also McGarry v. State Board of Education, Superior Court, judicial district of New Britain, Docket No. CV 00 0502744S (April 2, 2001, Wiese, J.) (court lacks authority in administrative appeal to consider constitutionality of statute).
The second count also seeks the court's interpretation of a portion of General Statutes § 13b-103 (b) by way of a declaratory judgment action. This attempt is not in keeping with §§ 4-175, 4-176. These sections require that a plaintiff either have attempted to obtain, or to have received, an agency determination of the statute in question before bringing the case to the Superior Court. Liberty MobilehomeSales, Inc. v. Cassidy, 6 Conn. App. 723 (1986). The plaintiff has not complied with this exhaustion requirement in any specific petition[3]
to the department; further, the court does not consider the positions taken and the materials filed by the plaintiff in the administrative proceedings now under appeal to satisfy the exhaustion requirement.Concerned Citizens of Sterling v. Town of Sterling, 204 Conn. 551, 557
(1987) (exhaustion fosters an orderly process of administrative adjudication and judicial review; it allows first analysis of questions entrusted to agency expertise). Therefore the motion to strike the second count is granted. CT Page 13468-fn
Henry S. Cohn, Judge