## ELVIRA CICARELLI
*vs.*
## SIMON R. LIPSHETZ

Superior Court · New Haven County · File No. 58146

MEMORANDUM FILED NOVEMBER 29, 1940.

*Edward S. Snyder,* and *Louis Feinmark,* of New Haven, for the Plaintiff.

*Charles A. Watrous,* and *J. Stephen Knight,* of New Haven, for the Defendant.

O'SULLIVAN, J. The present motion seeks to set aside a defendant's verdict which the jury had returned upon direction.

It appeared that the plaintiff had purchased from the de-

fendant a lipstick which caused her lips to become blistered after she had applied it upon them. She offered no proof that the lipstick contained anything of a deleterious nature. The doctor who attended her stated that the blisters were due to an allergy in her skin.

In paragraph four of her complaint, the plaintiff alleged an express warranty to the effect that the article "was safe to use, that it was free from dangerous chemicals and poisonous substances, and would have no deleterious effects." Nothing in the evidence supports an express warranty to this effect. However, in paragraph three she sets forth an implied warranty attaching to the sale, and if recovery is permissible at all, it must be based on this latter theory.

Under section 4635 of the General Statutes, Revision of 1930, there is an implied warranty made by a seller "when the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment." The proof plainly made the defendant subject to this warranty. But this warranty goes no farther than to impose liability upon the seller if the article sold is not reasonably fit for the purpose for which it was purchased.

The law appears to be that if an article, such as a lipstick, can be used by any normal person without harm and injury is sustained by the purchaser only because of a supersensitive skin, there is no breach of the implied warranty of reasonable fitness of the article for personal use. *Ross vs. Porteous, Mitchell & Braun Co.*, 136 Me. 118, 3 Atl. (2d) 650; *Flynn vs. Bedell Co.*, 242 Mass. 450, 136 N.E. 252.

The evidence, precluding, as it did, any recovery on an express warranty, and failing, as it did, to establish harmful ingredients in the lipstick, a plaintiff's verdict was not possible under the law.

The motion is denied.