In March, 1953, the plaintiff was employed by Mitchell College in New London as an assistant cook. On or about the 26th day of that month, the plaintiff's immediate superior, duly authorized purchased on behalf of the college a barrel of flaked soap from the defendant J. Daren Sons, a retail establishment. It was understood by the seller's agent that the soap would be used in connection with the washing of dishes and the like by the plaintiff and other employees of the buyer. The soap was manufactured and assembled by the defendant Axton-Cross Co. *Page 189 
It is the plaintiff's claim that the use of the soap by her in the course of her kitchen duties infected the skin of her wrists and arms. She has brought this action, seeking damages of both defendants for breach of the implied warranty of fitness under the statute. General Statutes, Cum. Sup. 1953, § 2160c (1). The complaint is not in negligence.
As between the plaintiff and the defendant manufacturer there was no contract, express or implied. Hence her action against this defendant fails. Welshausen
v. Charles Parker Co., 83 Conn. 231, 233. The adoption of the Sales Act has not changed the legal situation in this regard. Borucki v. MacKenzieBros. Co., 125 Conn. 92, 95.
The court does find, even in the absence of supporting medical testimony and of an analysis of the soap, that the soap in fact caused an infection of the skin of the plaintiff's wrists and arms. It was made to appear that the head cook had suffered a slight infection of his hands. Such cases as Palumbo
v. F. W. Woolworth Co., 8 Conn. Sup. 40, and Cicarelli
v. Lipshetz, 8 Conn. Sup. 526, are not deemed controlling on this aspect. The remaining and decisive question, therefore, is whether the plaintiff has a right of action under the statute as against the defendant seller.
The statute was amended in 1939 (Cum. Sup. 1939, § 1276e) to its present form to extend the implied warranty in question "to all members of the buyer's household." To be entitled to a recovery against the defendant seller, the plaintiff must be held to occupy the status of a member of the household of the college, the buyer of the soap. The undisputed facts are that the plaintiff neither lived at the college nor took her meals there. For all that appears she simply went daily to the college and occupied herself in the kitchen. *Page 190 
No case has been uncovered in which the specific question under a similar statute has arisen. In Webster's New International Dictionary (2d Ed.) the word "household" is defined thus: "Those who dwell under the same roof and compose a family; a domestic establishment; family." Cases collected in 19 Words Phrases (Perm. Ed.) 698, under the designation of "household" refer to a group of persons living together. While a servant may acquire the status of one constituting a member of the employer's household, it would seem that actually living in the house is a prime and necessary attribute to the acquirement of such status. See discussion inIsland v. Fireman's Fund Indemnity Co., 30 Cal.2d 541,547, 184 P.2d 153, 173 A.L.R. 896, a case involving the scope of insurance coverage in the operation of an automobile.
The conclusion reached is that the plaintiff, even as against the defendant seller, does not occupy a sufficient status to avail herself of the remedy conferred by the statute. She was neither the buyer of the soap nor a member of the buyer's household. The implied warranty in question conferred by the statute does not extend to the plaintiff. Had the legislature intended to extend the implied warranty to one occupying the precise status of the plaintiff (an employee of the buyer, but not a member of its household), the language of the statute in its present form would have contained more apt wording and have been more inclusive. It is axiomatic that the court itself cannot rewrite a statute to accomplish a particular result. That is the function of the legislature.
 Let judgment enter for both defendants.