STATE OF CONNECTICUT *v.* DENNIS M. PERRUCCIO
(11524)
(11525)

SPEZIALE, C. J., PETERS, PARSKEY, SHEA and GRILLO, Js.

Argued October 12, 1983—decision released January 31, 1984

*Edward T. Lynch, Jr.,* for the appellant (defendant in both cases).

*Irving L. Aronson,* assistant state's attorney, with whom, on the brief, was *C. Robert Satti,* state's attorney, for the appellee (state in both cases).

GRILLO, J. The charges in this case stemmed from separate incidents involving the defendant's sexual contact with two females under the age of sixteen. In the first case, the defendant was charged with risk of injury under General Statutes § 53-21[1] and sexual assault in the fourth degree under General Statutes § 53a-73a (a) (1) (A)[2] resulting from actions involving a thirteen year old female on October 16, 1981. In the second case, the defendant was charged with three counts of risk of injury under § 53-21 resulting from actions involving a fifteen year old female on October 27 and November 3, 1980.

The jury might reasonably have found the following facts: At the time of the incident in the first case, the defendant, Dennis M. Perruccio, was an electronics shop teacher at Ellis Technical School in Danielson. A thirteen year old girl was enrolled in a one week introductory course in the defendant's shop program. On October 16, 1981, the defendant followed this girl into an empty locker room. When the defendant asked her for a good-bye kiss, she kissed him on the cheek. The defendant kissed her, then put his right hand

[1] "[General Statutes] Sec. 53-21. INJURY OR RISK OF INJURY TO, OR IMPAIRING MORALS OF, CHILDREN. Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

[2] "[General Statutes] Sec. 53a-73a. SEXUAL ASSAULT IN THE FOURTH DEGREE: CLASS A MISDEMEANOR. (a) A person is guilty of sexual assault in the fourth degree when: (1) Such person intentionally subjects another person to sexual contact who is (A) under fifteen years of age . . . ."

underneath her shirt and felt her left breast, outside of her bra. He then pushed her bra up and felt her breast again. He tried to put his left hand down inside the back of her pants, but she resisted. A few days later, the girl informed her parents of the incident. School officials were notified in mid-November.

In the second case, a fifteen year old girl met the defendant at a dance at Ellis Technical School in the spring of 1980. Although the girl was not a student at Ellis at that time, she enrolled there in the fall of 1980. On October 27, 1980, she remained alone after school with the defendant to make posters. The defendant had previously requested and received permission from the girl's mother allowing her daughter to remain after school. After the defendant told the girl that they had to go out to buy poster materials, they left the school together in the defendant's car and proceeded to the defendant's home in Norwich. When they arrived at the house, the defendant invited the girl into his house. They sat on a couch together, listened to music, and talked while the girl drank a beer. While on the couch, the defendant kissed the girl and touched her breasts under her clothes. The defendant then carried her into the bedroom, undressed her, and had sexual intercourse with her. The girl testified that she did not resist any of the defendant's advances or actions because she was too afraid of what would happen if she tried to stop the defendant.

On November 3, 1980, the defendant again arranged to have the fifteen year old girl stay after school. They again went to the defendant's house and had intercourse. This time, however, both removed their own clothes. After both incidents, the defendant told the girl not to tell anyone because he would get into trouble. She, in fact, did not inform anyone of these incidents until November of 1981 when she gave a statement to the police.

After consolidation of these two cases and a trial by jury, the defendant was found guilty of all charges.[3] The defendant timely appealed in each case, and on January 3, 1983, this court granted the defendant's motion for consolidation of the appeals.

In the first case involving the thirteen year old girl, the issues presented are: (1) whether § 53-21 as applied to the defendant is void for vagueness and thus unconstitutional, and (2) whether §§ 53-21 and 53a-65 et seq. form an unconstitutional statutory pattern and violate the principle of double jeopardy.

The defendant maintains that the application of § 53-21 in this case violates his due process rights since the statute is void for vagueness. He argues that his conduct was not violative of § 53-21 for two reasons: (1) the touching of the breast is not an act prohibited by § 53-21, and (2) even if this court decides that such an act violates § 53-21, the defendant did not have fair warning at the time the incident occurred. We disagree.

This court, in *State* v. *Pickering,* 180 Conn. 54, 428 A.2d 322 (1980), recently set out the basic principles to be considered when a statute is attacked as void for vagueness. First, the constitutionality of the challenged statute is to be determined by the statute's applicability to the particular facts at issue. Id., 57. "[T]hat a statutory provision may be of questionable applicability in speculative situations is usually immaterial if the challenged provision applies to the conduct of the defendant in the case at issue." Id., 58. Second, the statute must give fair warning in order to enable a person to know what conduct he must avoid. "[A] statute which either forbids or requires the doing of an act in

___

[3] In the first case, the defendant received a ten year sentence on the risk of injury count and a concurrent one year sentence on the fourth degree sexual assault count. In the second case, he received a ten year sentence on each risk of injury count, the sentences to run concurrently with each other and with the sentences imposed in the first case.

terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law." Id., 60, citing *Connally* v. *General Construction Co.,* 269 U.S. 385, 391, 46 S. Ct. 126, 70 L. Ed. 322 (1926). Thus, "a penal statute may survive a vagueness attack solely upon a consideration of whether it provides fair warning." Id., 61. "References to judicial opinions involving the statute, the common law, legal dictionaries, or treatises may be necessary to ascertain a statute's meaning to determine if it gives fair warning." Id., 62–63, citing *Rose* v. *Locke,* 423 U.S. 48, 50, 96 S. Ct. 243, 46 L. Ed. 2d 185 (1975).

The conduct of the defendant in sliding his hand under the thirteen year old girl's bra and feeling her breast is the claimed "act likely to impair the . . . morals of [a] child" under § 53-21. The defendant argues that there must be a touching of "private parts" for an act to come within the statute and that a breast does not qualify as such a "private part." An examination of § 53-21 reveals that the term "private parts" is not employed; there is nothing in the statute suggesting that such an area of the body need be touched before a violation occurs. Furthermore, we have never held that it is necessary that a defendant touch the "private parts" of a victim in order to commit an offense under the risk of injury statute. Quite to the contrary, we held in *State* v. *Dennis,* 150 Conn. 245, 188 A.2d 65 (1963), that the risk of injury statute proscribed two general types of behavior likely to injure physically or impair the morals of a minor under sixteen years of age: "(1) deliberate indifference to, acquiescense in, or the creation of situations inimical to the minor's moral or physical welfare" and "(2) acts directly perpetrated on the person of the minor and injurious to his moral or physical well-being." Id., 250. The first of these two categories clearly indicates that it is not necessary to

have any touching of any part of the body to violate § 53-21; the creation of a prohibited situation is sufficient.

Although we recognize that a direct "touching" is not a necessary element to a § 53-21 offense, we find in this appeal that the defendant's "touching" of the breast was an act "directly perpetrated on the person of the minor and injurious to his moral . . . well-being." *State* v. *Dennis,* supra, 250. Section 53-21 does not specify the "acts" or "situations" deemed "likely to impair the morals of [a] child"; hence, we look to the penal code for guidance since § 53a-2 states that "the provisions of this title shall apply to any offense defined in this title *or the general statutes,* unless otherwise expressly provided or unless the context otherwise requires . . . ." (Emphasis added.) Section 53a-65 provides the definitions applicable to sexual offenses. The code does not adopt the term "private parts" but instead uses the broader term "intimate parts." Under subsection (8) of the statute, "intimate parts" is defined as "the genital area, groin, anus, inner thighs, buttocks or breasts." The legislature chose not to limit illicit sexual acts to the commonly accepted term of "private parts" or genital areas, but to include in such acts the involvement of other parts of the body including the breasts. It is clear from § 53a-2 that this broader definition of "intimate parts" is to apply not only to the sections of the penal code pertaining to sexual offenses but to *all* sections of the general statutes pertaining to such offenses including § 53-21.

Equally lacking in merit is the defendant's claim that he had no fair warning that breast fondling was a prohibited act. He suggests that § 53-21 is unconstitutionally vague since the list of acts covered under the statute is left "completely open and undefined." We have previously recognized in *State* v. *Chetcuti,* 173 Conn. 165, 377 A.2d 263 (1977), that "laws may be gen-

eral in nature so as to include a wide range of prohibited conduct. The constitution requires no more than a reasonable degree of certainty." Id., 167, quoting *United States* v. *Petrillo,* 332 U.S. 1, 7-8, 67 S. Ct. 1538, 91 L. Ed. 1877 (1947). Furthermore, the meaning of the words "acts likely to impair the . . . morals of a child" have been clarified through several opinions of this court. For example, in *State* v. *Coulombe,* 143 Conn. 604, 124 A.2d 518 (1956), the offense involved the touching of the genitals of a nine year old girl. The defendant "put down [her] pants . . . put his hands in [her] pants" and "touched her flesh." Id., 605–606. In a number of other cases involving § 53-21, this court's opinions reveal that the conduct in question concerned indecent acts perpetrated on a victim. See *State* v. *Anderson,* 152 Conn. 196, 205 A.2d 488 (1964); *State* v. *Dennis,* supra. These opinions serve to warn a potential violator that the deliberate touching of the private or intimate parts of a child under sixteen in a sexual and indecent manner is prohibited. Since the conduct of the defendant with the thirteen year old girl involved such a deliberate touching of an intimate part of her body, the defendant's behavior rendered him a violator as to whom the statute was not vague. See *State* v. *Pickering,* 180 Conn. 54, 64–65, 428 A.2d 322 (1980).

Lastly, we consider whether there exists a conflict between § 53-21 and § 53a-65 and related statutes which forms an unconstitutional statutory pattern. The defendant first contends that the inconsistent pattern of these two statutes makes it easier to commit an act under § 53-21, the more serious offense. Essentially, he argues that since the only difference between § 53-21 and § 53a-73a (a) (1) (A) is the intent element, the accused is deprived of an opportunity to be found guilty of sexual assault in the fourth degree, a lesser included offense.

The defendant was charged in this case with both risk of injury and sexual assault in the fourth degree for the same conduct with the thirteen year old girl. The defendant's objection to this multiple charge is unsound since we have previously held that the same act can constitute a violation of each of these statutes. In *State* v. *Shaw,* 186 Conn. 45, 438 A.2d 872 (1982), this court held that as to these two statutes, one is not deemed to be a lesser included offense of the other. The necessary elements of the two statutes are distinct. The sexual assault statute requires proof of specific intent or an intentional sexual contact. The risk of injury statute requires a situation or act which could endanger the child's health or impair the child's morals. Id., 51.

Equally without merit is the defendant's claim that he has been charged twice for the same offense in violation of the double jeopardy prohibition. We have recently addressed this precise issue in *State* v. *McCall,* 187 Conn. 73, 444 A.2d 896 (1982). In that case, we held that the imposition of sentences on both a sexual assault in the second degree and risk of injury did not violate the constitutional right not to "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const., amend. V. It is only when "the elements of one offense as defined by the statute include the elements of a lesser offense; or if one offense is merely nominally distinct from the other" that double jeopardy attaches. *State* v. *McCall,* supra, 91. Since sexual assault in the fourth degree and risk of injury each require proof of an element not required by the other, the defendant's claim must fail.

Accordingly, no error is found in the first case.

We next consider the errors claimed by the defendant in the second case involving the fifteen year old girl. The defendant maintains that (1) the trial court erred in its charge to the jury on the issue of consent,

(2) § 53-21 as applied in this case is void for vagueness, and (3) § 53-21 unconstitutionally impairs the right to privacy of himself and the fifteen year old female.

First, we must note the unique factual situation involved here. This case involves a female between the ages of fifteen and sixteen. Her age of fifteen years allows her to consent to sexual activity under the penal code; General Statutes §§ 53a-71 (a) (1), 53a-73a (a) (1) (A); yet at the same time to initiate a prosecution for risk of injury under § 53-21. The defendant contends that there was error since the trial court charged the jury that "consent on the part of the child under sixteen years of age is not a defense to the charge (of risk of injury)." He maintains that the court's refusal to charge that consent was a defense unduly limited the jury in determining whether the sexual activity impaired the morals of the minor. The defendant's argument is based on the fact that since the age of consent is fifteen in the sexual assault statutes, it is possible for a person between fifteen and sixteen years of age to consent to sexual activities which might be deemed likely to "impair her morals" *but for the fact that consent was given.* Furthermore, the defendant argues that *if* consent is not a defense, then § 53-21 is unconstitutionally vague as applied to him.[4] We agree.

The issue of consent vis-a-vis § 53-21 is one of first impression in Connecticut. We begin our inquiry with an examination of the "Sex offenses" part VI of the penal code; § 53a-65 et seq.; which reveals a pattern of ages below which and circumstances under which sex-

---

[4] In effect, the defendant claims that when considering General Statutes § 53-21 vis-a-vis § 53a-71 (a) under the circumstances of this case, a quandary exists rendering vague the proscription enunciated in § 53-21. We acknowledge the conflict yet go no further. "It is axiomatic that the court itself cannot rewrite a statute to accomplish a particular result. That is a function of the legislature." *Duart* v. *Axton-Cross Co.,* 19 Conn. Sup. 188, 190, 110 A.2d 647 (1954).

ual activity is forbidden. These statutes outline what constitutes corruption of the young as well as improper sexual activity with a minor. The preface to the penal code, however, gives strong indication that non-commercial, consensual sexual activity in private has no place in the criminal law. The penal code comments state that "[s]ections 53a-65 to 53a-81 adopt the basic principle that non-commercial sexual activity in private, whether heterosexual or homosexual, between consenting, competent adults, not involving corruption of the young by older persons, is no business of the criminal law . . . . These sections [§§ 53a-65 through 53a-81] are concerned principally with prohibiting *nonconsensual* sexual activity . . . ." (Emphasis added.)

The original penal code adopted in Connecticut prohibited any sexual intercourse with a person under sixteen years of age. See General Statutes (Rev. to 1972) § 53a-66. Yet, in 1975, § 53a-66 was repealed and the new § 53a-71 (a) changed the age of consent to fifteen. With this change, the legislature clearly indicated that a person who had attained the age of fifteen was an adult capable of making an intelligent choice in matters relating to sex. Since, however, the legislature did not amend the age in the risk of injury statute to correspond with this revision of the sexual assault statutes, we are faced with the anomalous situation of a fifteen year old who may consent and willingly participate in sexual activity and still initiate the prosecution of her "partner" under § 53-21.

The defendant also correctly points out that *if* § 53-21 is construed to apply to a situation where a fifteen year old girl consents to normal sexual relations, while other criminal statutes appear to permit such activity, then § 53-21 would be unconstitutional if applied under such circumstances.[5] If this fifteen year old girl consented

---

[5] We emphasize that a statute may operate in a manner consistent with constitutional requirements when applied to one set of circumstances while

to or initiated sexual contact, then it is clear that the defendant was not provided with fair warning that his conduct was prohibited. All earlier risk of injury cases have involved the *perpetration* of acts on victims under the age of sixteen. The only warning which the case law in Connecticut provides to a potential offender pertains to *subjecting* or *perpetrating* indecent acts on an *unwilling* victim. These cases have not presented to us possible instances of willing and voluntary participation by a person between the ages of fifteen and sixteen. See *State* v. *McCall,* 187 Conn. 73, 444 A.2d 896 (1982); *State* v. *Shaw,* 186 Conn. 45, 438 A.2d 872 (1982); *State* v. *Smith,* 183 Conn. 17, 438 A.2d 1165 (1981); *State* v. *Pickering,* 180 Conn. 54, 428 A.2d 322 (1980); *State* v. *Manning,* 162 Conn. 112, 291 A.2d 750 (1971); *State* v. *Gelinas,* 160 Conn. 366, 279 A.2d 552 (1971); *State* v. *Anderson,* 152 Conn. 196, 205 A.2d 488 (1964); *State* v. *Dennis,* 150 Conn. 245, 188 A.2d 65 (1963); *State* v. *Coulombe,* 143 Conn. 604, 124 A.2d 518 (1956); *State* v. *Silver,* 139 Conn. 234, 93 A.2d 154 (1952). When a person legally capable consents to or initiates sexual contact and activity, the case law and statute itself provide no fair warning or notice of statutory prohibition. " '[W]e insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly.' " *State* v. *Tedesco,* 175 Conn. 279, 288, 397 A.2d 1352 (1978).

In view of our conclusion that consent is a determinative issue, a new trial is ordered. Whether the fifteen year old girl consented to sexual activities with the defendant is a factual determination and, as such, is clearly within the province of the jury. See *State* v. *Morgan,* 170 Conn. 110, 112, 365 A.2d 99 (1976) (issue of "forcible compulsion" in rape case is question of fact

---

as to another it may produce a result which makes its operation unconstitutional. See *State* v. *Menillo,* 171 Conn. 141, 368 A.2d 136 (1976).

for the jury). Thus, the trial court committed error in denying the defendant's request at trial for a jury instruction on consent. An instruction on consent must be given at the new trial. Furthermore, if the jury determines that consent was given, we instruct the court to dismiss the risk of injury charges since § 53-21 would then not be violated as applied to the particular facts of this case.[6]

There is error, the judgment is set aside and a new trial is ordered in accordance with this opinion.

In this opinion the other judges concurred.

---

[6] We need not reach the right to privacy issue since we have disposed of this case on other grounds. Constitutional issues need not be considered unless absolutely necessary to the decision of a case. See *State* v. *Della-Camera,* 166 Conn. 557, 560–61, 353 A.2d 750 (1974).