[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION COMPOSITION OF COURT FOR PENALTY PHASE
I
FACTUAL BACKGROUND
By motion dated October 14, 1994, the defendant moved for a clarification as to the numerical composition of the court that would preside at the penalty phase of this proceedings.
The defendant took the position that Section 53a-46a(b) ofthe General Statutes requires the panel that presided over the capital felony trial to also preside over the penalty phase, even when the penalty phase involves a jury rather than a court hearing. The state advanced the position that the court should be comprised of one judge for the purpose of the penalty phase in the event of a jury hearing.
After briefs and argument on the motion, this panel agreed to hear all outstanding pre-hearing motions, but deferred the final decision on the composition of the court for the penalty hearing itself, until the defendant determined its election for a hearing before the court or jury.
The defendant has elected a hearing before a jury. It is the decision of the panel that one judge will preside over the penalty phase of this proceeding.
II. LAW AND ANALYSIS CT Page 4778
In interpreting Section 53a-46a(b), this court must follow the standard rules of statutory construction. Where the language of the statute is plain and unambiguous, its meaning must stand. University of Connecticut v. Freedom of InformationCommission, 217 Conn. 322, 328 (1991). This maxim generally requires some degree of ambiguity, however slight, before a court may seek alternative aids in determining the meaning of the statutory language in question; though, our Supreme Court has, on occasion, "eschewed such an analytical threshold" and looked to "all the available evidence." Frillici v. Westport,231 Conn. 418, fn. 15 (1994). This court is aware, however, that it cannot rewrite a provision of the statutes to accomplish a particular purpose, since it would then be functioning as the legislature. State v. Perruccio, 192 Conn. 154, 163, fn. 4 (1984). If the language of the statute is opaque or susceptible to conflicting interpretations, we must seek guidance from other aids such as the legislative history. Sanzone v. Board ofPolice Commissioners, 219 Conn. 179, 187 (1991).
A review of the statute in question, reveals no apparent ambiguity with respect to the first sentence:
 For the purpose of determining the sentence to be imposed when a defendant is convicted of . . . a capital felony, the judge or judges who presided at the trial . . . shall conduct a separate hearing to determine the existence of any mitigating factor. . .
This language, though couched in general terms, is certainly consistent with the defendant's position that the judges who presided at the trial would preside at the subsequent penalty hearing. The ambiguity arises with respect to the third sentence of the subsection(b):
 Such hearing shall be conducted . . . (2) before a jury impaneled for the purpose of such hearing if . . . (B) the defendant was convicted after a trial before three judges as provided in subsection (b) of section 53a-45. . .
This language specifies before whom the hearing will be conducted, depending upon the circumstances. Under the circumstances of the case at bar, it would be conducted before a jury impaneled for the purpose of the hearing. This specific language in no way suggests that the three judge court would preside over the jury; a situation not only unique, but CT Page 4779 seemingly inefficient and wasteful of judicial resources when one considers, for example, the prospect of three judges presiding over a lengthy voir dire procedure.
Even assuming, in strict accord with the wording of the above stated first sentence of Section 53a-46a(b), the panel were to conduct the penalty hearing, what would prevent the panel from conducting the hearing by assigning one of its number to preside in the absence of the other two, since the presence of all three would be unnecessary? Conducting such a hearing hardly necessitates that all three judges preside or even be present.
The state argues that the general reference as to who would preside, contained in the first sentence, is merely prefatory and not intended to suggest that a panel of judges would preside over a hearing before a jury. That is, the general reference in the first sentence should give way to the more specific instructions as to the conduct of such a hearing contained in the third sentence. This would seem the more reasonable interpretation. In determining the meaning of the statute, the court must reconcile the separate parts "to render a reasonable overall interpretations." American Universal Ins. v. Delgreco,205 Conn. 178, 193 (1987). The instructions in the third sentence do not suggest the possibility of a hearing before a jury presided over by a panel of judges.
Given the statute's susceptibility to conflicting interpretations, a review of the legislative history of the statute is the appropriate next step in this analysis. State v.Ellis, 197 Conn. 436, 445 (1985). This court cannot complete this inquiry oblivious to what the legislature intended the language in question to mean. "To the contrary, `it is axiomatic that the process of statutory interpretation involves a reasoned search for the intention of the legislature.'"Frillici v. Westport, supra, p. 431.
In this regard, it is interesting to note that the sponsors of the legislation take great pains to explain and highlight the unique elements that distinguish it from the death penalty statutes of other states; yet, fail, assuming defendant's interpretation was correct, to mention the potential for this particularly unique and unprecedented situation of three judges presiding over a hearing before a jury; a situation which would, certainly, seem to warrant some explanation. The sponsors CT Page 4780 explain the penalty phase in detail without once mentioning such a circumstance. (See Appendix A, Defendant's Memorandum ofLaw). The obvious conclusion is that such a circumstance was not intended.
The defendant further suggests that Section 54-82 of theGeneral Statutes requires that the panel preside over the penalty phase and imposition of sentence based on the following language:
"In any criminal case . . . the party accused may, if he so elects . . . be tried by the court instead of by the jury; and, in such a case, the court shall have jurisdiction to hear and try such case and render judgment and sentence thereon."
This section, of course, refers to criminal cases in general, and has little relevance to a sentencing hearing of this nature where, pursuant to Section 53a-46a(f), the court retains no discretion with respect to the ultimate imposition of sentence if the hearing is before a jury.
Subsection (b) of Section 54-82 which specifically addresses those accused of crimes punishable by death who elect a court trial, makes no reference to any such requirement.
A more significant concern is that, apparently, given the defendant's interpretation of Section 53a-46a(b), an accused charged with a capital felony who chooses a trial before a jury, would, under no circumstances, be entitled to a jury presided over by a panel of judges, in the event of a second phase. The only response of the defendant to this circumstance is that the problems its interpretation causes other defendant's is not of concern here. On the contrary, where the reasonableness of defendant's interpretation is an issue, the bizarre affects of that interpretation on other accuseds is of concern to this court. State v. Campbell, 180 Conn. 557, 563 (1980).
III. CONCLUSION
For the above stated reasons, and, in the interests of the efficient use of judicial resources, it is the decision of the CT Page 4781 panel that one judge shall preside over second phase proceedings in this matter.
/s/ Keller, J. KELLER
/s/ West, J. WEST
/s/ Fasano, J. FASANO