[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision Re: Motion to Dismiss
The following facts are abbreviated from the arrest warrant application affidavit.
On April 30, 1999, the victim, a fifteen year old girl, invited the sixteen year old male defendant to a friend's house. The defendant's date of birth is June 24, 1982; the victim's date of birth is April 5, 1984. Thereafter the two had sexual intercourse. Subsequently, the authorities were notified and the defendant has been charged with Risk of Injury to a Minor in violation of General Statutes § 53-21. The defendant contends he did not commit a crime because the sexual intercourse between himself and the victim was consensual, she was fifteen years old at the time, and he was less than two years older than she.
The defendant also maintains that in 1993 the Connecticut legislature enacted Public Act 93-340 and that it was the legislature's intent to decriminalize sexual activity between consenting teenagers who were less than two years apart in age. Although the pertinent section of the public act is an amendment to another portion of the penal code, General Statute CT Page 9136 § 53a-71, the defendant maintains that the legislative intent of decriminalizing consensual teenage sexual conduct would be frustrated if prosecutions for such conduct were allowed via the Risk of Injury statute § 53-21.
This issue has been addressed in State v. Jason B., 248 Conn. 543 (1999):
 The defendant claims, in effect, that when the legislature expressly amended General Statutes (Rev. to 1993) § 53a-71 (a)(1) in 1993 to include an exemption from criminal liability for those persons engaging in consensual sexual intercourse with persons not more than two years their junior, it also implicitly modified the activities proscribed by General Statutes (Rev. to 1993) § 53-21. Section 53-21, on its face, is concerned only with the age of the victim, and criminalizes certain actions based upon the fact that the victim is under the age of sixteen. The express language of § 53-21, therefore, does not require any consideration of the age of the defendant for the purposes of determining criminal liability. The defendant argues, however, that as a result of the 1993 amendments to General Statutes (Rev. to 1993) § 53a-71 (a)(1), in order to allege sufficiently and prove guilt under § 53-21, the language of the statute notwithstanding, the state must also allege and prove that the defendant was more than two years older than the victim.
 We have characterized legislative actions as implicitly amending a statute only when the legislative history contains a very strong showing of the legislators' intent to do so. "When changes have been introduced by amendment to a statute, the presumed change does not go any further than that which is expressly declared or necessarily implied. . . . We cannot impute to the legislature . . . in the absence of an intent clearly expressed in the act, [an intent] to enact [a statute] which involves a departure from existing statutory law." (Citation omitted; internal quotation marks omitted.) Iovieno v. Commissioner of Correction, 242 Conn. 689, 699-700, 699 A.2d 1003 (1997). There is no indication in the legislative history of Public Act 93-340 that in amending General Statutes (Rev. to 1993) § 53a-71, CT Page 9137 the legislature also intended to amend the scope or meaning of General Statutes (Rev. to 1993) § 53-21. Jason B. at pp. 564-565.
Furthermore, in 1995, the legislature passed Public Act 95-142 which amended Conn. Gen. Stat. § 53-21 to add the current 53-21 (2). Rather than adding the exclusionary language of Public Act 93-340 to Conn. Gen. Stat. 53-21, the legislature established anew, more specific type of proscribed conduct. These are strong indications that the legislature did not intend the exemptions of 53a-71 to apply to 53-21.
In State v. Perruccio 192 Conn. 154 (1984), the Supreme Court was confronted with an issue similar to the issue in this case. The legislature had lowered the age of consent in the penal code to fifteen years of age. The Supreme Court held that because of the amendment to the penal code consent could be a defense to a charge of risk of injury which was based on having sexual relations with a 15 year old who either consented to or initiated the sexual contact. Id., 164-165.
The law does not seem to be in conflict; the defendant may raise the issue of the consent of the fifteen year old victim by way of defense, but not as a bar to prosecution under the Risk of Injury statute. The motion to dismiss is denied.
By the court
Foley, J.