[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE APPORTIONMENT COMPLAINT
CT Page 1146
Pursuant to Practice Book § 10-39 et seq., the Apportionment defendants Tiger Group, Inc. and David Webb and Barbara Webb have each filed motions to strike the Apportionment Complaint dated June 28, 2001, filed by the Apportionment plaintiff William Raveis Real Estate, Inc. Tiger Group, Inc. seeks to strike the Second Count of the Apportionment Complaint which is directed at Tiger Group, Inc. and David and Barbara Webb have moved to strike the First Count of said Apportionment Complaint.
In both motions to strike all apportionment defendants argue that the Apportionment Complaint and the corresponding prayer for relief are legally insufficient under General Statutes § 52-102b because the claims for which apportionment is being sought are not within the scope of the apportionment statute. The defendants argue that the General Statutes § 52-102b applies only to negligence actions brought "to recover damages resulting from personal injury, wrongful death or damage to property," which is not the case in this instant matter.
The apportionment plaintiff Raveis in objecting to the motions to strike represents that it has set forth a legally cognizable claim for the apportionment of liability, and that it can seek apportionment of pure economic losses as a matter of statutory interpretation, even though the case does not involve personal injury, wrongful death or damage to property.
 I
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). A motion to strike shall be granted if "the plaintiff's complaint [does not] sufficiently [state] a cognizable cause of action as a matter of law." Mora v. Aetna Life and Casualty Ins. Co.,13 Conn. App. 208, 211, 535 A.2d 390 (1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings" (Emphasis omitted.) Id. "A motion to strike is properly granted where a plaintiff's complaint alleges legal conclusions unsupported by facts." Id.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike "is to be CT Page 1147 tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks and citations omitted.) Alarm Applications Co. v.Simsbury Volunteer Fire Co., 179 Conn. 541-50, 427 A.2d 822 (1980).
Upon deciding a motion to strike, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1 (1991). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v CBS, Inc., 196 Conn. 91, 108-09,491 A.2d 368 (1985).
The original action ("Boardman's Action") was commenced by Burton Boardman and Leigh Boardman against William Raveis Estate, Inc. for unspecified damages arising from the Boardman's purchase of real estate from David Webb and Barbara Webb. The Webbs retained Raveis to list the real estate. The Boardman's complaint alleges negligence, negligent/intentional/fraudulent misrepresentation and a violation of the Connecticut Unfair Trade practices Act ("CUTPA"). The Boardmans seek unspecified damages, punitive damages and attorney's fees.
On or about June 28, 2001, Raveis filed its Apportionment Complaint against Tiger Group and the Webbs. Raveis seeks to apportion liability for the Boardman's unspecified damages to the Webbs and Tiger Group because of negligent conduct by these apportionment defendants. The Boardman's damages are allegedly triggered because the subject real estate did not contain terra cotta flooring and Anderson Thermopane windows with screens as listed by Raveis when the real estate was eventually purchased by the Boardmans. Subsequently, the Boardmans amended their original complaint to expand their claim for unspecified damages to included additional missing items, nonfunctional systems and/or defective items and systems.
General Statutes § 52-102b provides the procedural vehicle by which a defendant in a negligence action may cite in parties for apportionment of liability purposes. The relevant portion of § 52-102b provides:
 "(a) A defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an CT Page 1148 apportionment of liability."
The express language of § 52-102b restricts its application to negligence actions "to recover damages resulting from personal injury, wrongful death or damage to property." General Statutes § 52-572h (c). The damages alleged by the Boardmans in its action against Raveis are economic losses, not damages resulting from "personal injury, wrongful death or damage to property."
The court agrees with the apportionment defendants that a claim of negligent misrepresentation regarding the condition of the real estate does not fall within the purview of the actions stated in General Statutes § 52-572h (c). "Misrepresentation cannot be said to cause damage to a person's property; rather it inflicts economic damages."Anderson v. Bitondo, Superior Court, judicial district of Middlesex at Middletown, Docket No. CV 97-0081677S (May 18, 1998; Hodgson, J.) InConco Medical Co. v. Zimmer and Zimmer P.C., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 96-332956S (February 6, 1997; Thim, J.) the court held that General Statutes § 52-572h (c) does not apply to actions seeking compensation for financial losses where "damage to property' is unaccompanied by physical damage to and loss of use of tangible property." This decision was based upon Williams Ford,Inc. v. Hartford Courant Co., 232 Conn. 559 (1995) wherein the Supreme Court ruled that "damage to property" as used in General Statutes §52-572h (b) did not included purely commercial losses. The Conco court found that there was no reason why the meaning given to the phrase "damage to property "in § 52-572h (c) should be different than the meaning given to the same phrase in § 52-572h (b).
The court, must approach the questions raised regarding the interpretation of statutes according to the well-established principles of statutory construction designed to further the fundamental objective of ascertaining and giving effect to the apparent intent of the legislature. State v. Kozlowski, 199 Conn. 667, 673, 509 A.2d 20 (1986). The court must look to the words of the statute; to the legislative history; the circumstances surrounding its enactment; to the legislative policy it was designed to implement; and to its relationship to existing legislation and any common law principle governing the same subject matter. Dart Bogue Co. v. Slosberg, 202 Conn. 566 572, 522 A.2d 763
(1987); Texaco Refining Marketing Co. v. Commissioner, 202 Conn. 583,589, 522 A.2d 771 (1987); State v. Jason B., 248 Conn. 543, 729 A.2d 760
(1999).
With any issue of statutory interpretation, our initial guide is the language of the statute itself. Frillici v. Westport, 231 Conn. 418,430-432, 650 A.2d 557 (1994). If its language is clear and unambiguous, CT Page 1149 there is no room for alteration of the legislative decision by the judicial branch. . . . Ambriose v. William Raveis Real Estate, Inc.,226 Conn. 757, 764-765, 628 A.2d 1303 (1993). It is assumed that the words themselves express the-intent of the legislature. Mazur v. Blum,184 Conn. 116, 118-119, 441 A.2d 65 (1981). "A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity." State v. Perruccio, 192 Conn. 154, 163 n. 4, 471 A.2d 632
(1984).
"A corollary of the above rule of construction is that the intent of the legislature is to be found not in what the legislature meant to say, but in the meaning of what it did say." Burnham v. Administrator,184 Conn. 317, 325, 439 A.2d 1008 (1981). The words used in statutes "shall be construed according to the commonly approved usage of the language." Simmonette v. Great American Ins. Co., 165 Conn. 466, 471,338 A.2d 453 (1973); Caulkins v. Petrillo, 200 Conn. 208, 215-216,510 A.2d 1329 (1986).
The court finds that the phrase "damage to property" as used in General Statutes § 52-527h (c) does not include purely commercial losses. Since the claims asserted by the Boardmans seek to recover economic losses, those claims fall outside of the scope of the apportionment statue. Therefore, the apportionment plaintiff Raveis cannot seek to apportion its liability of the claims under General Statutes § 52-102b.
Accordingly, the motions to strike the First Count and the Second Count of the Apportionment Complaint, filed by the apportionment defendants Webb and Tiger Group respectively, are both hereby granted.
By the court,
_________________________ Richard E. Arnold, Judge