[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION TO STRIKE)
The plaintiffs have filed a motion to strike the defendants' counterclaim dated March 4, 1999 and the defendants' revision of counterclaim dated July 29, 1999, which alleges that the co-plaintiff, Barry Gallup, as owner of the vehicle driven by the defendant Sandra Gallup, is responsible for damages to Lauren Gallup pursuant to the Family Car Doctrine, General Statutes § 52-182. Barry Gallup and Sandra Gallup are husband and wife and the minor plaintiff Lauren Gallup is their daughter.
By way of a complaint dated November 10, 1998, the plaintiffs Lauren Gallup, a minor and her father Barry Gallup filed this action against the defendants Sean Slain, DHL Airways, Inc., and Nationsbanc Leasing Corp., alleging that the collective defendants are liable for injuries that the minor plaintiff Lauren Gallup suffered as a result of a motor vehicle accident. The plaintiffs allege that Lauren Gallup was a passenger in a motor vehicle operated by her mother Sandra Gallup and owned by Lauren's father Barry Gallup. Plaintiffs allege that defendant Slain, while working as an agent of defendant DHL, operated a vehicle owned by defendant Nationsbanc in a negligent manner.
On March 4, 1999, the defendants filed an apportionment complaint against Sandra Gallup and an apportionment counterclaim against Barry Gallup, the co-plaintiff, alleging negligence against Sandra Gallup and that Barry Gallup as the owner of the vehicle operated by Sandra Gallup and as her husband, is also liable for Lauren Gallup's injuries pursuant to General Statutes § 52-182.
On June 3, 1999, the plaintiffs amended their complaint to bring a direct action against the apportionment defendant, Sandra Gallup. On July 29, 1999, the defendants revised their counterclaim, still alleging that the co-plaintiff, Barry Gallup, as owner of the vehicle driven by the CT Page 9217 defendant, Sandra Gallup is responsible for damages to the minor plaintiff Lauren Gallup pursuant to the Family Car Doctrine, General Statutes § 52-182.
On January 21, 2002, the plaintiffs moved to strike the defendants' counterclaim. The plaintiffs argue that the counterclaim, as revised on July 29, 1999, is based upon ownership of the vehicle under general Statutes § 52-182 and purports to assign liability to Barry Gallup for the operation of the vehicle by his wife Sandra Gallup. The plaintiffs argue that this is impermissable under General Statutes §52-572 (h)(m).
 I
Practice Book § 10-39 regarding a motion to strike reads in pertinent part as follows:
 (a) Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted, that party may do so by filing a motion to strike the contested pleading or part thereof.
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint, or as in this matter a counterclaim, to state a claim upon which relief can be granted.Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). A motion to strike shall be granted if the defendants' counterclaim does not sufficiently state a cognizable cause of action as a matter of law. Morav. Aetna Life and Casualty Ins. Co., 13 Conn. App. 208, 211, 535 A.2d 390
(1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings" (Emphasis omitted.) Id. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185. (1988). A motion to strike "is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks and citations omitted.) AlarmApplications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541-50,427 A.2d 822 (1980).
When deciding a motion to strike, the trial court must construe the defendants' counterclaim in a manner most favorable to sustaining its CT Page 9218 legal sufficiency. Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1 (1991). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91, 108-09,491 A.2d 368 (1985).
 II
The defendants' counterclaim as revised alleges that the co-plaintiff, Barry Gallup is responsible for the alleged negligence of his wife Sandra Gallup pursuant to General Statutes § 52-182, the "Family Car Doctrine." The plaintiffs argue that General Statutes § 52-572 (h)(m) provides that under the doctrines applicable to the liability of multiple tortfeasors for damages, the family car doctrine shall not be applied to impute contributory or comparative negligence to the owner of any motor vehicle. The defendants' attempt to impart liability for the alleged actions of Sandra to the co-plaintiff husband, Barry Gallup is prohibited by General Statutes § 52-572 (h)(m).
With any issue of statutory interpretation, our initial guide is the language of the statute itself. Frillici v. Westport, 231 Conn. 418,430-432, 650 A.2d 557 (1994). If its language in drafting and enacting a statute is clear and unambiguous, there is no room for alteration of the legislative decision by the judicial branch. . . . Ambriose v. WilliamRaveis Real Estate, Inc., 226 Conn. 757, 764-765 (1993). It is assumed that the words themselves express the intent of the legislature. Mazurv. Blum, 184 Conn. 116, 118-119, 441 A.2d 65 (1981). "A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity." State v. Perruccio, 192 Conn. 154, 163 n. 4,471 A.2d 632 CT Page 7581 (1984).
Accordingly, the plaintiffs' motion to strike the defendants' counterclaim dated March 4, 1999 and the defendants' revised counterclaim dated July 29, 1999 is hereby granted.
The Court
By: Arnold, J CT Page 9219