## John Doe *v.* John R. Manson

Cotter, C. J., Bogdanski, Speziale, Healey and Parskey, Js.

Argued November 13, 1980—decision released February 17, 1981

*Lee Bezanson,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellant (defendant).

*Sue L. Wise,* with whom, on the brief, was *John R. Williams,* for the appellee (plaintiff).

Speziale, J. The primary issue in this appeal is the scope of the phrase "court records" in General Statutes § 54-142a (d)[1] which provides for the erasure of police, court, and state's or prosecuting

[1] Section 54-142a (d) of the General Statutes was formerly numbered "§ 54-90 (d)." The substance of this subsection has not changed since the plaintiff's 1977 pardon.

attorney records pertaining to an individual who has been pardoned. The plaintiff, who was pardoned after completion of a prison term, contends that the term "court records" includes all records in the custody of the department of correction pertaining to the plaintiff's imprisonment. We disagree.

After conviction and completion of his sentence, the plaintiff was granted an absolute pardon by the Connecticut board of pardons in 1977. As required by General Statutes § 54-142a (e), the clerk of the Superior Court notified several state agencies, including the Connecticut correctional institution at Somers, that the plaintiff had been pardoned and had requested physical destruction of "all information pertaining to the . . . offense." The defendant, commissioner of the department of correction, refused to destroy the records in his possession. The plaintiff brought this mandamus action to compel destruction of those records. At trial the commissioner conceded that the presentence investigation report is a court record within the meaning of § 54-142a, but he argued that other records maintained by the department of correction are not court records. The trial court concluded otherwise, and the defendant appealed. On appeal the commissioner concedes that the mittimus is also a court record.

General Statutes § 54-142a (d) provides, in pertinent part, that persons pardoned before October 1, 1974, may petition the court "for an order of erasure, and such court shall order all police and court records and records of the state's or prosecuting attorney pertaining to such case to be erased. Whenever such absolute pardon was received on or

after October 1, 1974, such records shall be automatically erased." Erasure alone does not mean the physical destruction of the documents. Erasure involves sealing the files and segregating them from materials which have not been erased and protecting them from disclosure, except that disclosure is permitted in a few, very limited circumstances described in the statutes. See General Statutes §§ 54-142a (e) and (f), 54-142c, 54-142g, 54-142h (c), 54-142k (c) and (d), 54-142m.

In the case of court records the legislature has provided the additional protection of physical destruction of the records upon request of the pardoned person who is the subject of the records: "The clerk of the court or any person charged with retention and control of such records in the office of the chief court administrator or any law enforcement agency having information contained in such erased records shall not disclose to anyone information pertaining to any charge erased under any provision of this section and such clerk or person charged with the retention and control of such records shall forward a notice of such erasure to any law enforcement agency to which he knows information concerning the arrest has been disseminated and such disseminated information shall be erased from the records of such law enforcement agency. Such clerk or such person, as the case may be, shall seal all court records and place them in locked files maintained for this purpose; or upon the request of the accused cause the actual physical destruction of such records. . . ." General Statutes § 54-142a (e).

The plaintiff essentially makes two arguments: (1) the mittimus is a court record because it is issued by a court; a mittimus is required for the

department of corrections to lawfully receive and detain a person; but for the mittimus, the department of correction would not need to create and maintain records about an individual; therefore, all such prison records flow from the mittimus and become court records within the meaning of the erasure statute; and (2) physical destruction of prison records furthers the intent of the legislature to eliminate all traces of the conviction after a person has been pardoned.

The intent of the legislature is to be found in the meaning of the words of the statute; that is, in what the legislature actually *did* say, not in what it *meant* to say. *Frazier* v. *Manson,* 176 Conn. 638, 642, 410 A.2d 475 (1979); *State* v. *Grant,* 176 Conn. 17, 20, 404 A.2d 873 (1978). Where those actual words are plain and unambiguous, there is no room for judicial construction of the statute. *Board of Trustees of Woodstock Academy* v. *Freedom of Information Commission,* 181 Conn. 544, 549, 436 A.2d 266 (1980); *Jones* v. *Civil Service Commission,* 175 Conn. 504, 509, 400 A.2d 721 (1978). The words of a statute are to be given their ordinary and common meaning. General Statutes § 1-1 (a); *Winchester* v. *Connecticut State Board of Labor Relations,* 175 Conn. 349, 358–59, 402 A.2d 332 (1978). Where a statute does not define a term, it is appropriate to look to the common understanding expressed in the law and in dictionaries. *Ziperstein* v. *Tax Commissioner,* 178 Conn. 493, 500, 423 A.2d 129 (1979).

The parties do not dispute that the documents at issue are "records." The question is whether they are "court records." In that phrase "court" is used as an adjective to modify "records." In its

adjectival form "court" is defined as "of or appropriate to a legal court." Webster, Third New International Dictionary. Today, court records may not be limited solely to the "memorials or remembrances, in rolls of parchment, of the proceedings and acts of a court of justice." *Davidson* v. *Murphy,* 13 Conn. 213, 217–18 (1839) (quoting Lord Coke). Nevertheless, ordinary understanding of the word "court" does limit "court records" to those created or maintained by or for a court with respect to all court proceedings from commencement to termination. See *Lathrop* v. *Planning & Zoning Commission,* 164 Conn. 215, 219, 319 A.2d 376 (1973); *In re Application of Dodd,* 131 Conn. 702, 703, 42 A.2d 36 (1945); *Smith* v. *Jewell,* 71 Conn. 473, 476, 42 A. 657 (1899).

Where the legislature has intended a statute to affect a broader class of records, it has inserted additional language to indicate that coverage. The erasure statute for youthful offenders provides for the removal of "all references including arrest, complaint, referrals, petitions, reports and orders" from "all agency, official and institutional files." General Statutes § 54-76o. That section was first enacted in 1972 as part of an act which also amended § 54-142a. Public Acts 1972, No. 20. It is presumed that the legislature acted with knowledge of existing statutes. *Doe* v. *Institute of Living, Inc.,* 175 Conn. 49, 58, 392 A.2d 491 (1978). We cannot impute to the legislature such linguistic imprecision as to ignore differences in specificity in two similar statutes under consideration at the same time. See *Greenwich* v. *Connecticut Transportation Authority,* 166 Conn. 337, 345, 348 A.2d 596 (1974). It is not the role of this court to extend the language of a statute to apply to situations analogous to those specified

in the statute. *Anderson* v. *Bridgeport,* 134 Conn. 260, 262–63, 56 A.2d 650 (1947). It also is not our function to attempt to improve upon the actions of the legislature by reading into the statute what is clearly not there in order to reach what the court thinks is a just result. *Simonette* v. *Great American Ins. Co.,* 165 Conn. 466, 471–73, 338 A.2d 453 (1973); *State* v. *Malm,* 143 Conn. 462, 467, 123 A.2d 276 (1956); *Gunther* v. *Board of Zoning Appeals,* 136 Conn. 303, 311, 71 A.2d 91 (1949) (*Maltbie, C. J.,* dissenting).

The trial court ordered the physical destruction of the mittimus, the presentence investigation report, the transcript of the sentencing hearing, internal prison records (including medical records), correspondence pertaining to the destruction of the records, and "any other records he [Commissioner Manson] may have in his possession and *be aware of* concerning the plaintiff's confinement as a result of the crimes for which he received a pardon." The defendant is legally correct in conceding that the mittimus and the presentence investigation report are court records and subject to destruction. We hold that the transcript of the sentencing hearing is also a court record under § 54-142a and it too must be physically destroyed pursuant to the plaintiff's request. General Statutes § 54-142a (e); *Lechner* v. *Holmberg,* 165 Conn. 152, 160, 328 A.2d 701 (1973). The remainder of the records are not court records and the trial court erred in ordering their destruction.[2]

---

[2] We note that at oral argument the defendant indicated that he did not object to the records remaining under seal as ordered by the trial court and only sought to prevent the permanent eradication of them.

The defendant also raised a due process claim that permanent destruction of the records would hinder his ability to defend any future suit by a person whose records were destroyed. We need not consider this claim, not only because it is highly speculative, but also because the only document to be destroyed without the defendant's acquiescence is the transcript of the sentencing hearing which is clearly a court record.

There is error, the judgment is set aside and the case is remanded with direction to render judgment in accordance with this opinion.

In this opinion the other judges concurred.