CHARLES A. MAZUR *v.* PETER BLUM ET AL.

BOGDANSKI, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, Js.

Argued March 12—decision released May 5, 1981

*Charles A. Mazur,* pro se, the appellant (plaintiff).

*Charles A. Overend,* assistant attorney general, with whom, on the brief, were *Carl R. Ajello,* attorney general, and *Bernard F. McGovern, Jr.,* assistant attorney general, for the appellees (defendant Peter Blum et al.).

*Beverly J. Hodgson,* for the appellees (defendant Elhanan Stone et al.).

PER CURIAM. The plaintiff is a teacher, employee of the Stamford board of education, and member

of the Stamford Federation of Teachers.[1]  He commenced an action[2] seeking to correct, modify, or vacate an award entered pursuant to the state compulsory binding arbitration statute governing collective bargaining disputes between municipalities and teachers' unions.  Public Acts 1979, No. 79-405, now General Statutes § 10-153f.  The named defendants were Peter R. Blum and Leonard Rovins, the arbitrators who entered the award, and Elhanan Stone and Richard Bieder, negotiators for the Stamford board of education whom the plaintiff alleged to be "agent/representatives" of that board.

Stone and Bieder moved to strike the complaint on the ground, inter alia, that the plaintiff lacked standing to sue since he did not allege that he was "a party to the arbitration."  Blum and Rovins moved to dismiss on the ground that the court lacked jurisdiction over the subject matter of the application.

After a hearing, the court granted the motion to dismiss because the plaintiff was not "a party to the arbitration" and lacked standing to contest the award.[3]  The plaintiff, pro se, has appealed from that ruling, claiming (1) that the court erred in holding that he did not have standing to sue; and (2) that the court's ruling "creates, causes and

---

[1] The Stamford Federation of Teachers was the exclusive bargaining representative for unit members of the teaching profession in the city of Stamford.

[2] The plaintiff filed a complaint against the defendants, as well as an "Application for Order to Correct and/or Modify and/or Vacate Arbitration Award" apparently at the same time.

[3] Having granted the motion to dismiss, the court correctly noted that since this conclusion disposed of all the plaintiff's claim against all of the defendants, it need not address the motion to strike or the other claims of the defendants.

upholds an unreasonable statutory scheme" thereby depriving him of his constitutional rights and his rights under 42 U.S.C. § 1983.

General Statutes § 10-153f sets out the procedure for the arbitration of disputes between a board of education and a teachers' union. It provides: "If any local or regional board of education cannot agree with the exclusive representatives of a teachers' or administrators' unit after negotiation concerning the terms and conditions of employment applicable to the employees in such unit, either party may submit the issues to the commissioner for mediation." General Statutes § 10-153f(b). Throughout the statute, the "board of education" and the "exclusive representative" of the unit are referred to as "the parties." See General Statutes §§ 10-153f(b), 10-153f(c) (1)-(4).

General Statutes § 10-153f(c) (7) states: "The decision of the arbitrators or a single arbitrator shall be subject to judicial review upon the filing by a party to the arbitration, within thirty days following receipt of a final decision, of a motion to vacate or modify such decision in the superior court for the judicial district wherein the school district involved is located."

We have repeatedly held that statutory language is to be given its plain and ordinary meaning. *Jones* v. *Civil Service Commission,* 175 Conn. 504, 509, 400 A.2d 721 (1978); *Rizzo* v. *Price,* 162 Conn. 504, 509, 294 A.2d 541 (1972); see *Doe* v. *Manson,* 183 Conn. 183, 186, 438 A.2d 859 (1981); *Winchester* v. *Connecticut State Board of Labor Relations,* 175 Conn. 349, 360, 402 A.2d 332 (1978). If the language of the statute is clear, it is assumed that the words themselves express the intention of the legislature

and there is no room for judicial construction of the statute. See *Harris Data Communications, Inc.* v. *Heffernan,* 183 Conn. 194, 198, 438 A.2d 1178 (1981); *Doe* v. *Manson,* supra; *Anderson* v. *Ludgin,* 175 Conn. 545, 552, 400 A.2d 712 (1978); *Jones* v. *Civil Service Commission,* supra. It is clear that the words "party to the arbitration" in General Statutes § 10-153f(c) (7) refer only to the board of education and the organization designated as the exclusive (bargaining) representative.[4] Moreover, the legislature's intention that these two entities be the only parties under the statute is underlined by the use of such terms as "either party" in General Statutes §§ 10-153f(b) and 10-153f(c) (1), and "either of the parties" in General Statutes § 10-153f(c) (4). The plaintiff's contention, that "party to the arbitration" refers to the individual employee who is represented by the union as well as to the union itself, is a construction that is neither supported by the statutory language nor the purpose of the statutory scheme. See General Statutes §§ 10-153a through 10-153f.

Where a right to judicial review is created by statute, the failure to satisfy the conditions required by the statute deprives the Superior Court of jurisdiction to entertain the appeal. See *Merrimac Associates, Inc.* v. *DiSesa,* 180 Conn. 511, 513, 429 A.2d 967 (1980); *Valley Cable Vision, Inc.* v. *Public Utilities Commission,* 175 Conn. 30, 32, 392 A.2d 485 (1978). Since the plaintiff has alleged only that he is a "party through representation to the arbitration," and does not, and could not, allege that he is either a board of education or the exclusive representative of a teachers' unit, he is not a proper

---

[4] The statutory scheme provides for the selection of teachers' representatives. See General Statutes § 10-153b.

"party to the arbitration." General Statutes § 10-153f(c) (7). Relying, as he does, on a statutorily created right to review, he, therefore, lacks standing to seek judicial review of the arbitration award under General Statutes § 10-153f(c) (7). The court did not err in granting the motion to dismiss.

As a second claim, the plaintiff appears to be arguing that General Statutes § 10-153f deprives him of his constitutional rights and rights guaranteed to him under 42 U.S.C. § 1983. The plaintiff, however, did not raise these claims in the trial court.

Generally, issues which are not raised in the trial court will not be considered on appeal. Practice Book § 3063; *C & H Enterprises, Inc.* v. *Commissioner of Motor Vehicles,* 176 Conn. 11, 16, 404 A.2d 864 (1978); *State* v. *Cuvelier,* 175 Conn. 100, 110–11, 394 A.2d 185 (1978); *New Haven Savings Bank* v. *Valley Investors,* 174 Conn. 77, 83, 384 A.2d 321 (1977); *Silverman* v. *St. Joseph's Hospital,* 168 Conn. 160, 176, 363 A.2d 22 (1975). This rule is applicable even when the constitutionality of a statute is being challenged. *Burritt Mutual Savings Bank of New Britain* v. *Tucker,* 183 Conn. 369, 377, 439 A.2d 396 (1981); *State* v. *Cuvelier,* supra; *New Haven Savings Bank* v. *Valley Investors,* supra; *Morris* v. *Timenterial, Inc.,* 168 Conn. 41, 43, 357 A.2d 507 (1975). There is nothing in the circumstances of this case which would justify an exception to the rule.[5]

There is no error.

---

[5] We have stated: "Only in most exceptional circumstances can and will this court consider a claim, constitutional or otherwise, that has not been raised and decided in the trial court." *State* v. *Evans,* 165 Conn. 61, 69, 327 A.2d 576 (1973). Since no new, unforseeable constitutional right has arisen since trial, and since the

record does not indicate a clear deprivation of a fundamental constitutional right and a fair trial, the plaintiff's claim need not be considered. See id., 69–70; see also *Burritt Mutual Savings Bank of New Britain* v. *Tucker,* 183 Conn. 369, 377, 439 A.2d 396 (1981); *New Haven Savings Bank* v. *Valley Investors,* 174 Conn. 77, 84, 384 A.2d 321 (1977).