[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS TO DISMISS
The plaintiff City of Stamford is a school district for all public schools within its limits and maintains the control of those schools through the plaintiff Board of Education of the City of Stamford. General Statutes § 10-240. The Board of Education of the City of Stamford is authorized to negotiate contracts with respect to salaries and other conditions of employment with representatives of a teachers' unit and administrators' unit. General Statutes § 10-153d. The defendant Stamford Education Association is the exclusive bargaining representative for certified teachers employed by the Board of Education, while the defendant Stamford Administrative Unit is the representative for school administrators employed by the Board.
General Statutes § 10-153f provides a mechanism, through the office of the Commissioner of the State Department of Education, for mediation and arbitration towards the resolution of disputed collective bargaining issues should any local board of education, after negotiation, not come to an agreement with the exclusive representatives of a teachers' or an administrators' unit concerning the terms and conditions of employment applicable to CT Page 6694 the employees in such unit.
Disputed issues among these parties were submitted to arbitration. General Statutes § 10-153f(c)(4) provides that after hearing all the issues, the arbitrators shall, within twenty days, render a decision in writing, signed by a majority of the arbitrators which states in detail the nature of the decision and the disposition of the issues. The decision of the arbitrators is considered final and binding upon the parties to the dispute unless a rejection by an appropriate legislative body is filed in accordance General Statutes § 10-153f(c)(7).
On December 28, 1993, an arbitration award was issued, in accordance with subsection (c)(4), concerning the collective bargaining agreement between the Stamford Board of Education and the Stamford Education Association; on December 29, 1993, an arbitration award was issued concerning the collective bargaining agreement between the Stamford Board of Education and the Stamford Administrative Unit.
General Statutes § 10-153f(c)(7) provides that, within twenty-five days of its receipt, the award of the arbitrators may be rejected by a two-thirds majority vote of the members of the legislative body of the local school district. If the legislative body rejects any such award, then, within ten days after the vote to reject, it shall notify the commissioner and the exclusive representative for the teachers' or administrators' unit of such vote and the reasons for the rejection. Thereafter:
 "Within ten days after the commissioner has been notified of the vote to reject, (A) the commissioner shall select a review panel of three arbitrators or, if the parties agree, a single arbitrator, who are residents of Connecticut and labor relations arbitrators approved by the American Arbitration Association and not members of the panel who issued the rejected award, and (B) such arbitrators or single arbitrator shall review the decision on each rejected issue. Within five days after the completion of such review, the arbitrators or single arbitrator shall render a final and binding award with respect to each rejected issue. . . . ."
Here, the complaint alleges that on January 20, 1994, the Board of Representatives of the City of Stamford, the legislative body of the City of Stamford, voted to reject both awards. On CT Page 6695 January 26, 1994, the State Commissioner of Education was notified of the rejection of both awards. However the Commissioner did not appoint review panels. Instead on February 7, 1994, the Commissioner informed the plaintiffs that he would not appoint review panels with respect to the two awards because of claimed lack of jurisdiction.
The plaintiffs have brought this application, dated March 2, 1994, to vacate the awards dated December 28, 1993 and December 29, 1993. The plaintiffs claim that those awards have been made final by the refusal of the Commissioner to appoint review panels. The plaintiffs claim authority to bring this petition under the provisions of General Statutes § 10-153f(c)(8).
General Statutes § 10-153f(c)(8) provides:
 "The decision of the arbitrators . . . shall be subject to judicial review upon the filing by a party to the arbitration, within thirty days following receipt of a final decision pursuant to subdivision (4) or (7) as appropriate, of a motion to vacate or modify such decision in the superior court for the judicial district wherein the school district involved is located. The superior court, after hearing, may vacate or modify the decision if substantial rights of a party have been prejudiced because such decision is: (A) In violation of constitutional or statutory provisions; (B) in excess of the statutory authority of the panel; (C) made upon unlawful procedure; (D) affected by other error of law; (E) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. . . ."
The Stamford Education Association has filed a motion to dismiss the application for lack of subject matter jurisdiction, based on the following grounds: (1) such application was not filed within 30 days of receipt of the December 28, 1993 award, as required by C.G.S. Section 10-153f(c)(8); and (2) the City of Stamford lacks standing to move to vacate or modify the December 28, 1993 award because it was not a party to the arbitration that produced the award.
The Stamford Administrative Unit has filed a similar motion to dismiss the application as to the arbitration award of CT Page 6696 December 29, 1993, with the added ground that General Statutes § 10-153f(c)(8) does not provide for the review of more than one arbitration award for each application, or for different arbitration awards involving different employee organizations to be presented in the same application.
The defendants contend since that the plaintiffs' application was filed more than 30 days after receipt of the December 28 — 29, 1993 arbitration awards, it should be dismissed for lack of subject matter jurisdiction. The defendants note that the plaintiffs admit in their application that the arbitration awards were issued on December 28 — 29, 1993.
The defendants cite Mazur v. Blum, 184 Conn. 116, 119
(1984), a case concerning an application to vacate an arbitration award pursuant to C.G.S. Section 10-153f, in which the Supreme Court addressed the issue of timely filing and stated: "Where a right to judicial review is created by statute, the failure to satisfy the conditions required by the statute deprives the Superior Court of jurisdiction to entertain the appeal." The general rule of statutory interpretation requires that "[i]f the motion [to vacate an arbitration award] is not filed within the 30 day time limit, the trial court does not have subject matter jurisdiction over the motion." Middlesex Insurance Co. v.Castellano, 225 Conn. 339, 344 (1993).
The plaintiffs concede that the defendants are correct in claiming that this application was not filed within 30 days of the initial receipt of the arbitration decisions. They concede that if this were a proceeding under General Statutes § 52-418, then the failure to file the application within that 30 day period would probably be fatal. They also agree that to the extent decisions under earlier versions of § 10-153f adopted the same approach to arbitration awards as proceedings under §52-418, the failure to file the application to vacate within 30 days of the original receipt of the decisions would appear fatal.
However, the plaintiffs contend that the 1992 amendments to General Statutes § 10-153f(c)(7) authorizing rejection of the awards by a two-thirds majority of the school district's legislative body and providing, after such rejection, for additional mandatory arbitration procedures which would be final and enforceable, limit the significance of these previous holdings. CT Page 6697
Here, the Board of Representatives of the City of Stamford, voted not to accept the arbitration awards. There appears to be no dispute but that the votes were timely under § 10-153f(c)(7). The Commissioner of Education was notified of the results of the votes in a timely manner, also pursuant to § 10-153f(c)(7).
Instead of proceeding with the appointment of arbitrators within the ten day period required by 10-153f(c)(7), on or about February 7, 1994, the Commissioner indicated, by letter, that he would not appoint new arbitration panels to review the rejected awards, based on his perception that the votes were not proper. The plaintiffs assert that the present application was commenced within 30 days of the Commissioner's communication.
The plaintiffs really contend it is the Commissioner's refusal to recognize the validity of the rejection of the awards that is the basis for this application to the Court. They make no claim in this action that there was any basis for vacating or modifying the awards before the action (or non-action) by the Commissioner. Rather, they allege that the Commissioner's action (or non-action) effectively resuscitated the awards, awards that had been rejected by the Stamford Board of Representatives two and 1/2 weeks earlier, and it is that "revival" that is the cause and catalyst for this proceeding.
The plaintiffs argue that before January 20, 1994, there were two possible approaches that they could have utilized to "nullify" the effect of the initial arbitration awards. Under one approach, the legality of the awards could have been challenged, by way of a timely application to vacate or modify, which, they allege, would require a showing of an egregious error on the part of the arbitrators in order to overcome the usual judicial deference to arbitration awards. The other approach, as a matter of right, would have been a vote taken by the legislative body to reject the awards with reasons for the rejection being articulated. The second alternative was chosen. On January 20 — and before the expiration of 30 days from the issuance of the awards — a vote was taken by the Board of Representatives as to each award, and the awards were not approved and so rejected.
Plaintiffs argue that from their perspective, between January 20 and February 7, there was no award that could be vacated or modified, since the awards had been rejected, pursuant to statute. It was only after February 7 that the claimed CT Page 6698 "illegality" arose, that is the basis for the application to vacate. They claim that until the expiration of the statutory 25 day period for a vote to reject, the arbitration awards were, in a sense, tentative or interlocutory in nature. They argue that any application to vacate, modify or confirm, filed in that 25 day period, would have been rendered moot by a timely vote to reject the award.
General Statutes § 10-153f(c)(8) provides for a 30 day period in which to move to vacate or modify, from the receipt of a final decision. The plaintiffs argue these awards did not become "final" until after the Commissioner indicated that he would not recognize the validity of the votes to reject the awards so that the "review" arbitration process would not come into operation.
Plaintiffs perceive analogous situations. They argue that an arbitration award, under the "judicial arbitration" procedures set forth in Practice Book § 546L, et seq., becomes final (and a judgment) only if no participating party chooses to reject the result. Such a rejection is a matter of right, accomplished by filing a claim for trial de novo. Practice Book § 546S. The plaintiffs claim that the time period in which to appeal from such a decision would not commence until after the expiration of the time in which a claim for trial de novo could be filed.
They claim that another analogous situation arises in the context of appeals from trial court decisions — if a party files a motion "which, if granted, would render the judgment or decision ineffective," the time period for filing the appeal begins to run from the decision on that motion. Practice Book § 4009. They urge it is common sense that intermediate steps should be utilized and exhausted before going to the next level of procedure, avoiding invocation of procedures that may be rendered moot by resolution of such intermediate steps.
The plaintiffs urge that, while in the typical arbitration procedure there is no subsequent procedure that can be invoked which might render the initial decision "ineffective"; under § 10-153f, the right of rejection is just such a procedure.
The analogy to the procedure under Sec. 546S of the Practice Book limps because P.B. § 546S specifically provides that a decision of the arbitrator shall become a judgment of the court if no claim for a trial de novo is filed by one of the parties CT Page 6699 within 20 days of the filing of the award; but, if the claim is filed, then the award becomes null and void.
In a similar vein P.B. § 4009 establishes a twenty day period in which to appeal, but specifically provides that ". . . if within the appeal period any motion is filed which, if granted, would render the judgment or decision ineffective, as, for example, a motion to open the judgment or to set aside the verdict or for judgment notwithstanding the verdict, the period of time for filing an appeal shall commence from the issuance of notice of the decision upon the motion or the expiration of the time within which a remittitur is ordered filed."
In both instances, the Practice Book section establishing when an award of an arbitrator becomes a judgment or becomes null and void and the Practice Book section establishing the time within which to appeal from the judgment of a trial court specifically spells out these conditions and specifically provides for the procedure for a party to follow.
In this court's opinion, General Statutes § 10-153f(c)(8) is specific that it is "[t]he decision of the arbitrators . . . [which] shall be subject to judicial review upon the filing by a party to the arbitration, within thirty days following receipt of a final decision pursuant to subdivision (4) or (7), as appropriate, of a motion to vacate or modify such decision in the superior court for the judicial district wherein the school district involved is located." (Emphasis supplied).
The court has limited authority under subsection (c)(8). "The superior court, after hearing, may vacate or modify the decision if substantial rights of a party have been prejudiced because such decision [of the arbitrators] is: (A) In violation of constitutional or statutory provisions; (B) in excess of the statutory authority of the panel; (C) made upon unlawful procedure; (D) affected by other error of law; (E) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." Id. (Emphasis supplied).
The plaintiffs, in the argument presented in their brief, conceded they elected not to move to vacate or modify the decision of the arbitrators, "which would require a showing of an egregious error on the part of the arbitrators in order to CT Page 6700 overcome the usual judicial deference to arbitration awards." It is with the commissioner's decision to reject the vote of the Stamford Board of Representatives as the trigger for the appointment of review panel that the plaintiffs have a quarrel.
It certainly appears to this court that the obligation of the commissioner to appoint a review panel is mandatory upon receipt of a notification from the appropriate legislative body that it had voted to reject the initial arbitration award(s). The commissioner did not comply with the requirements of General Statutes § 10-153f(c)(7) that:
 "Within ten days after the commissioner has been notified of the vote to reject, (A) the commissioner shall select a review panel of three arbitrators or, if the parties agree, a single arbitrator, who are residents of Connecticut and labor relations arbitrators approved by the American Arbitration Association and not members of the panel who issued the rejected award, and (B) such arbitrators or single arbitrator shall review the decision on each rejected issue . . . ."
The plaintiffs may have the right to secure relief from the failure of a state official to perform what appears to be a nondiscretionary act, but not under the provisions of the statute they seek to apply and for the relief they claim. This court does not have the authority to construe the statute so as to read into it some sort of retroactive revival of the time period to apply for review of the action of the original arbitrators when the commissioner fails to select a review panel after he has been notified of the legislative body's rejection of the award.
Our Supreme Court has stated in Mazur v. Blum, 184 Conn. 116,118-119, 441 A.2d 65 (1981):
 "We have repeatedly held that statutory language is to be given its plain and ordinary meaning. Jones v. Civil Service Commission, 175 Conn. 504, 509, 400 A.2d 721 (1978); Rizzo v. Price, 162 Conn. 504, 509, 294 A.2d 541 (1972); see Doe v. Manson, 183 Conn. 183, 186, 438 A.2d 859 (1981); Winchester v. Connecticut State Board of Labor Relations, 175 Conn. 349, 360, 402 A.2d 332 (1978). If the language of the statute is clear, it is assumed that the words themselves express the intention of the legislature and there is no room for judicial construction of the statute. CT Page 6701 See Harris Data Communications, Inc. v. Heffernan, 183 Conn. 194, 198, 438 A.2d 1178 (1981); Doe v. Manson, supra; Anderson v. Ludgin, 175 Conn. 545, 552, 400 A.2d 712 (1978); Jones v. Civil Service Commission, supra. . . . . Where a right to judicial review is created by statute, the failure to satisfy the conditions required by the statute deprives the Superior Court of jurisdiction to entertain the appeal. See Merrimac Associates, Inc. v. DiSesa, 180 Conn. 511, 513. 429 A.2d 967 (1980); Valley Cable Vision, Inc. v. Public Utilities Commission, 175 Conn. 30, 32. 392 A.2d 485 (1978).
This court will sustain the defendants' motions to dismiss on the basis that such application was not filed within 30 days of receipt of the December awards. Under these circumstances, it is not necessary for the court to determine whether the City of Stamford has standing as a party to the dispute, although the rationale of Mazur v. Blum, supra, that an application to the court for review is limited to the parties to the arbitration and that "throughout the statute, the `board of education' and the `exclusive representative' of the unit are referred to as "the' parties," is still applicable to the statute as presently worded. It is also not necessary to address the issue of whether a petition to review two separate awards may be raised in one action.
The defendants' motions to dismiss are granted for the reasons stated.
NIGRO, J.