[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. Facts
On May 31, 1995 the plaintiffs were the record owners of certain real property in the Town of North Branford known as 1809-1 Middletown Avenue. This property contains 80,150 square feet of land. On that date the plaintiffs kept two goats and a donkey on the property. The Town's Deputy Zoning Enforcement Officer found that the plaintiffs were in violation of § 44.5.4 of the North Branford Zoning Regulations. The regulation and its companion section 44.5.3 read as follows:
 44.5.3 Whether in conjunction with a farm or not, no livestock or poultry shall be kept on a lot of less than 160,000 square feet, and a) any building, enclosures or feed yards therefore shall conform to the setback requirements for any pasture for livestock shall be enclosed by a fence set back not less than 10 feet from any property line or street line.
 44.5.4 Notwithstanding the provisions of paragraph 44.5.3 livestock or poultry may be kept on a lot of less than 160,000 square feet provided that all of the building, enclosure, CT Page 1362 feed yard and poultry and pasture fencing and setback provisions of paragraph 44.5.3 are met and provided that a) for livestock, the lot contains not less than 80,000 square feet for the first animal plus 40,000 square feet for the second animal and a total of animals not to exceed (2), b) by an aggregate of not more than 20 chickens or other poultry are kept on the lot and c) all poultry and any pasture for livestock shall be enclosed by a fence set back not less than 25 feet from any property or street line.
The deputy ZEO found that the two goats and donkey were "livestock" within the meaning of the regulation. He then issued a cease and desist order on May 31, 1995. That order was duly appealed by the plaintiffs to the defendant, Zoning Board of Appeals on June 12, 1995. The board considered the appeal at its meeting on July 17 and unanimously voted to uphold the cease and desist order based upon its finding that the animals in question were "livestock" within the meaning of the town zoning regulations. The notice of decision was published in the New Haven Register on July 20, 1995 and the plaintiffs took this appeal in a timely manner.
II. AGGRIEVEMENT
Aggrievement is not contested in this matter. The court recognizes that the parties may not stipulate to aggrievement and may not confer subject matter jurisdiction on the court. However, sufficient evidence was introduced at trial to show that the plaintiffs were and have continued to be the owners of the affected property and accordingly they are aggrieved.
III. DISCUSSION
The plaintiffs' basic argument is that either the prohibition on livestock is so vague as to be incapable of understanding or in the alternative, donkeys and goats are not "livestock." The plaintiffs seek to bolster their position by referring the court to Judge Higgins's decision dated November 8, 1984 in BernardSherneski, et al v. North Branford Zoning Board of Appeals, No. 228865 Superior Court, judicial district of New Haven. That case concerned precisely the same provisions of the North Branford Zoning Regulations. There have been no amendments to the regulations which would affect the outcome in this case. TheSherneski's kept a "pet" horse for their "learning disabled minor grandchild." The Zoning Enforcement Officer determined that the CT Page 1363 horse was livestock and the board of appeals sustained the enforcement officer. Judge Higgins first found that the word livestock contained a "plural connotation." He further found that a "pet pony" is not clearly within the expressed terms of the ordinance. Finally, he found "each owner of private property should be able to ascertain without difficulty and reasonably how he can use his property in compliance with zoning regulations." Judge Higgins held that the action which was taken, based upon the interpretation that § 44.5.3 included a "pet pony" as being within the definition of "livestock," was arbitrary and illegal and, accordingly, it was "ordered modified" pursuant to General Statute § 8-7. Judge Higgins sustained the appeal.
The plaintiffs herein argue that Judge Higgins has already determined that "livestock" is a vague term and that he has at least determined that it is vague in the precise manner in which it is used in the North Branford Regulations.
The parties acknowledge that while due deference is owed by this court to Judge Higgins's decision, his decision is not stare decisis binding upon this court. Furthermore, the court notes that Judge Higgins was confronted with [a] single animal and found considerable ambiguity in whether the term "livestock" was singular or plural in meaning. This court is not at all convinced that Judge Higgins would have arrived at the same result if he had been faced with three animals even if he determined those animals to be "pets."
It is true that the North Branford Zoning Regulations do not expressly define the word "livestock." The plain and ordinary meaning of the word "livestock" is any domestic grazing animal capable of being raised for commercial purposes or being used as draft animals. "Livestock" connotes animals not reasonably capable of dwelling under the same roof as its owner. Kaesar v.Zoning Board of Appeals, 218 Conn. 438, 443 (1991). The court agrees with the Town, that in the context of zoning regulations, animals described by the word "livestock" do not change when the purpose for which such animals are kept changes. The clear intent of the North Branford Regulation at issue here is to protect humans and animals from disease and to protect ground water from contamination by regulating and balancing between the number of animals and the size of the given property. While the plaintiffs argue that the regulation is not needed for that purpose, that argument goes to the wisdom of the regulation, a matter not before the court in this appeal, not to the question of meaning. CT Page 1364
Where a statute does not define a word, it is appropriate to look to the common understanding of the word as expressed in the law and in dictionaries, Doe v. Manson, 183 Conn. 183, 186
(1981). Black's Law Dictionary defines "livestock" as "animals of any kind kept . . . for use or pleasure; esp[ecially] meat and dairy cattle and draft animals [as] opposed to dead stock."
In Kaesar, supra at 442, our Supreme Court found that the word "livestock" as used in the Stratford Zoning Regulations was a collective noun; i.e., singular in form but having neither singular nor plural connotations. In Kusznir v. City of Shelton, CV94 047136S J.D. of Ansonia-Milford (1994 Case Base 9986 Curran S.T.R., September 29, 1994), Judge Curran upheld a Zoning Board of Appeals decision noting "the regulation in question does not distinguish between livestock in general and livestock as household pets. In Zarolinski v. Serignese, a local zoning board of appeals found that two male llamas were "livestock" within the meaning of the town zoning regulation [CV92-49321 J.D. of Tolland at Rockville 1993 Case Base 204 Booth, J., January 15, 1993.] InZarolinski, the court on appeal was considering the appropriateness of a variance and the question of the inclusion of llamas within the definition of "livestock," while implicit in the ZBA action, was not before the court on appeal.
The court finds that the plain and ordinary meaning of the word "livestock," the dictionary definition, and related but not directly in point precedent, demonstrate that the word "livestock" is sufficiently clear so as to put a homeowner on notice of what animals are permitted in the zone.
This court finds that Sherneski v. North Branford, can be distinguished because it concerned a single animal not multiple animals. While it now appears relatively clear that "livestock" may be singular or plural, in 1984 Judge Higgins regarded the meaning of "livestock" as singular or plural as creating an ambiguity. Since that ambiguity has, in the opinion of this court, now been clarified, the court declines to arrive at the same result arrived at by Judge Higgins.
The court concludes that the word "livestock" is sufficiently descriptive to inform property owners in North Branford of what is proscribed by the regulation. The court further finds that the word livestock includes a donkey and two goats. Accordingly, the action of the Zoning Board of Appeals is affirmed and the appeal is dismissed.
Booth, J. CT Page 1365