[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
(Motion to Strike)
The defendants, pursuant to Practice Book § 10-39 et seq., have moved to strike the Second Count of the plaintiff's Complaint, as well as, the plaintiff's prayer for relief wherein the plaintiff seeks double or treble damages and/or punitive damages related to the Second Count. The defendants argue that the plaintiff's claim for double and treble damages can only exist under Connecticut law if a violation of a statute enumerated in General Statutes § 14-295 is alleged, and the plaintiff has not done so.
Additionally, the defendants claim that the plaintiff's Second Count impermissibly combines recklessness with gross negligence, and neither cause of action is legally sufficient. The defendants maintain that gross negligence is not recognized in the State of Connecticut, and the common-law recklessness is not pleaded with sufficient factual detail to distinguish it from the negligence cause of action asserted in the First Count of the Complaint.
On December 7, 1996, the plaintiff was a passenger in a vehicle owned by Paul Krystock and being operated by Marc Krystock. It is alleged that the defendant operator, while under the influence of drugs, lost control of the vehicle and hit a section of guardrails, causing the plaintiff to sustain physical injuries. The accident occurred in the State of Vermont. All parties to this action are residents of Connecticut.
A review of the court's file reveals that the original complaint filed by the plaintiff set forth two causes of action: one for negligent operation of a motor vehicle and one for recklessness. In the First and Second Counts of the original Complaint dated November 17, 1998, the plaintiff alleged that the defendant operator violated certain Connecticut statutory provisions enumerated in General Statutes § 14-295. The plaintiff alleged violations of General Statutes § 14-218a, 14-219 and14-236.
By way of an Amended Complaint dated February 17, 1999, the plaintiff added an additional claim that the plaintiff operated his motor vehicle in violation of General Statutes § 14-227a, which is also specifically enumerated in General Statutes § 14-295.
By way of a Request to Revise dated May 26, 1999, the defendants sought to revise the plaintiff's complaint by deleting reference to the Connecticut statutory provisions, arguing that Connecticut motor vehicle violations do not apply to an accident occurring in Vermont. Thereafter, the plaintiff filed his Revised Amended Complaint, dated November 9, 2000 alleging violations of Vermont statutory provisions regarding the operation of a motor vehicle, and thereby, deleted all references to any CT Page 4260 of the statutory violations enumerated specifically in General Statutes14-295. The plaintiff however, continued to seek double or treble damages and/or punitive damages as they relate to the Second Count which pertains to recklessness and gross negligence.
Subsequently, the defendants filed a Request to Revise the Revised Amended Complaint seeking among other things, to delete references to "gross negligence" and to delete any claims for double or treble and/or punitive damages, as no longer did the plaintiff claim a violation of General Statutes § 14-295, as all statutory references in the Revised Amended Complaint now referred to violations of Vermont statutory provisions. The plaintiff's objections to the defendants' Request to Revise the Revise Amended Complaint were sustained by the court on December 18, 2000, leaving the Revised Amended Complaint intact, including the plaintiff's claims of "reckless disregard," "gross negligence" and "double/treble and/or punitive damages." Additionally, all claims of statutory violations by the defendant operator alleged in the plaintiff's Revised Amended Complaint are claims of Vermont statutory violations.
 II
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). A motion to strike shall be granted if "the plaintiff's complaint [does not] sufficiently [state] a cognizable cause of action as a matter of law." Mora v. Aetna Life and Casualty Ins. Co.,13 Conn. App. 208, 211, 535 A.2d 390 (1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings" (Emphasis omitted.) Id. "A motion to strike is properly granted where a plaintiff's complaint alleges legal conclusions unsupported by fact."Id. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185, (1988). A motion to strike "is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks and citations omitted.) Alarm Applications Co. v.Simsbury Volunteer Fire Co., 179 Conn. 541-50, 427 A.2d 822 (1980).
Upon deciding a motion to strike, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1 (1991). "The allegations of the pleading involved are entitled CT Page 4261 to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v CBS, Inc., 196 Conn. 91, 108-09,491 A.2d 368 (1985). However, if the plaintiff has alleged mere conclusions of law unsupported by the requisite facts, the motion to strike should be granted. Cavallo v. Derby Savings Bank, 188 Conn. 281,285, 449 A.2d 986 (1982). A party may also use a motion to strike to challenge the sufficiency of a prayer for relief Central New HavenDevelopment Corp. v. Potpourri, Inc., 39 Conn. Sup. 132, 133, 471 A.2d 681
(1983).
 III
The court will first address whether or not the plaintiff's second count is legally sufficient to support a claim of statutory recklessness under General Statutes § 14-295. General Statutes § 14-295[1]
allows a party to select double or treble damages if one is injured as a result of certain statutory violations specifically enumerated. Those statutory violations are § 14-218a, § 14-219, § 14-222, § 14-227a, § 14-230, § 14-234, § 14-237, § 14-239 and § 14-240a. The plaintiff has not alleged the violation of any of these Connecticut statutes. Instead in the Revised Amended Complaint dated November 9, 2000, the plaintiff has alleged violations of certain statutes of the State of Vermont. The plaintiff's First Count of the Revised Amended Complaint sounding in negligence and carelessness alleges violations of Vermont Statutes Title 23 § 1081, Title 23 § 1091, Title 23 § 1201 and Title 23 § 1031 and 1038.[2] In the Second Count alleging reckless disregard and/or gross negligence the plaintiff alleges violations of Vermont Statutes Title 23 § 1201, Title 23 § 1097 and Title 23 § 1091[3].
The court agrees with the defendants that under Connecticut law, there is no basis to award an injured party double or Treble damages except pursuant to General Statutes § 14-295. The plaintiff must prove that the defendant driver violated those statutes specifically enumerated in General Statutes § 14-295. The Connecticut Supreme Court has stated in Leone v. Knighton, 196 Conn. 494, 496, 493 A.2d 887 (1985),
"We have long recognized certain rules governing actions seeking to recover double or treble damages under § 14-295 of the General Statutes. We require that the complaint clearly state such facts as will bring the case within the provisions of the statute. Additionally, we require that the claim for relief be specifically based upon the statutory remedy." CT Page 4262
The plaintiff has pleaded certain Vermont statutory violations which are similar to our General Statutes § 14-227a, § 14-218a, §14-219, § 14-222, § 14-230, but they are not the statutory violations of Connecticut law specifically enumerated in § 14-295.
Additionally, the plaintiff's complaint does not expressly cite General Statutes § 14-295 within the First or Second Counts or in the claim for relief seeking double/treble and/or punitive damages. "Unless the plaintiff could establish that he was injured because of a violation of one of the so-called `rules of the road' enumerated in § 14-295, and not for any other alleged cause of action, he has no remedy under that statute." Id. at 498.
A statute which creates liability where formerly none existed and is penal should receive a strict construction and is not to be extended, modified or enlarged in its scope by the mechanic of construction. Nowakv. Nowak, 175 Conn. 112, 124, 394 A.2d 716 (1978). Statutes imposing a penalty should be read strictly. Dunbar v. Jones, 87 Conn. 253, 256,87 A. 787 (1913); Cantor v. State Board of Electrical Examiners,3 Conn. App. 707, 710, 492 A.2d 194 (1985).
The court, must approach the questions raised regarding the interpretation of statutes according to the well-established principles of statutory construction designed to further the fundamental objective of ascertaining and giving effect to the apparent intent of the legislature. State v. Kozlowski, 199 Conn. 667, 673, 509 A.2d 20 (1986). The court must look to the words of the statute; to the legislative history; the circumstances surrounding its enactment; to the legislative policy it was designed to implement; and to its relationship to existing legislation and any common law principles governing the same subject matter. Dart Bogue Co. v. Slosberg, 202 Conn. 566, 572, 522 A.2d 763
(1987); Texaco Refining Marketing Co. v. Commissioner, 202 Conn. 583,589, 522 A.2d 771 (1987); State v. Jason B., 248 Conn. 543, 729 A.2d 760
(1999).
With any issue of statutory interpretation, our initial guide is the language of the statute itself Frillici v. Westport, 231 Con. 418, 430-432, 650 A.2d 557 (1994). If its language in drafting and enacting a statute is clear and unambiguous, there is no room for alteration of the legislative decision by the judicial branch. . . . Ambriose v. WilliamRaveis Real Estate, Inc., 226 Conn. 757, 764-765 (1993). It is assumed that the words themselves express the intent of the legislature. Mazurv. Blum, 184 Conn. 116, 118-119, 441 A.2d 65 (1981). "A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity." State v. Perruccio, 192 Conn. 154, 163 n. 4, CT Page 4263471 A.2d 632 CT Page 7581 (1984).
"A corollary of the above rule of construction is that the intent of the legislature is to be found not in what the legislature meant to say, but in the meaning of what it did say." Burnham v. Administrator,184 Conn. 317, 325, 439 A.2d 1008 (1981). The words used in statutes "shall be construed according to the commonly approved usage of the language." Simmonette v. Great American Ins. Co., 165 Conn. 466, 471,338 A.2d 453 (1973); Caulkins v. Petrillo, 200 Conn. 208, 215-216,510 A.2d 1329 (1986).
Under the allegations pleaded by the plaintiff in the Revised Amended Complaint, the defendant cannot be found by a jury to have violated a Connecticut statute enumerated in General Statutes § 14-295 where the plaintiff has not specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of those statutes listed in General Statutes § 14-295.
 IV
The court next addresses whether the Second Count of the Revised Amended Complaint should be stricken as Connecticut does not recognize a cause of action alleging gross negligence or recklessness. The Second Count currently lists various acts attributed to the defendant driver which the plaintiff contends constituted either acts of reckless disregard and/or gross negligence.
This court has decided that there is no basis for statutory liability under General Statutes § 14-295, and while the term gross negligence does appear in statutes and proceedings, gross negligence has never been recognized in Connecticut as a separate basis for tort liability. Deckerv. Roberts, 125 Conn. 150, 157, 3 A.2d 855 (1939). We have never recognized degrees of negligence as slight, ordinary and gross in the law of torts. Film v. Downing and Perkins, Inc., 135 Conn. 524, 526 66 A.2d 613
(1949).
The court acknowledges that there are cases in Connecticut that recognize a cause of action in gross negligence in the furnishing of alcohol to others. See e.g., Kayser v. Stelmaszek, Superior Court, judicial district of Danbury, Docket No. 321805 (April 4, 1996) (Moraghan, J.) (16 Conn.L.Rptr. 409); Dufficy v. Mohring, Superior Court, judicial district of Danbury, Docket No. 311091 (December 7, 1993) (Moraghan, J.) (10 Conn.L.Rptr. 457); Sumara v. Loyal Order of Moose,
Superior Court, judicial district of Tolland at Rockville, Docket No. 49012 (January 15, 1993) (McWeeny, J.) (8 Conn.L.Rptr. 230). However, this case does not present that factual scenario. CT Page 4264
The plaintiff within the Second Count of the Revised Amended Complaint, also has pleaded a cause of action purporting to allege recklessness. Recklessness is recognized in Connecticut if properly pleaded. "Recklessness is a state of consciousness with reference to the consequences of one's acts . . . it is more than negligence, more than gross negligence . . . the state of mind amounting to recklessness may be inferred from conduct. But in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others which would take reasonable precautions to avoid injury to them." DuBay v. Irish, 207 Conn. 518, 532, 542 A.2d 711
(1988). Pleadings that allege punitive common law damages must explicitly delineate the factual basis of any wanton and malicious conduct including the basis of claims of any intentional misconduct raised by the plaintiff. Morkey v. Santangelo, 195 Conn. 76, 485 A.2d 1305 (1985);Manning v. Michael, 188 Conn. 607, 452 A.2d 1157 (1982).
To support a claim for common law punitive damages, the plaintiff must set forth any facts that would support such a claim. The plaintiff must specifically plead that the defendant's actions were malicious, culpable or wanton and that the injury was willful and maliciously caused in that it was inflicted intentionally, without just cause or excuse. Hayden v.Fair Haven, 76 Conn. 355, 56 A. 613 (1904); Rogers v. Doody, 119 Conn. 532,178 A. 51 (1935). A plaintiff cannot transform a negligence count into a count for willful and wanton misconduct merely by appending a string of adjectives that clearly sound in negligence. Brown v. Branford,12 Conn. App. 106, 110, 529 A.2d 743 (1984). The allegations as set forth in the Second Count of the Revised Amended Complaint merely append adjectives to the statutory negligence alleged, and do not change the nature of the claim. Id.
 V
The last issue to address is whether the plaintiff's claim for double/treble and/or punitive damages must be stricken, as the Second Count of the Revised Amended Complaint fails to state a cause of action. As noted, herein, the Second Count does not plead a violation of General Statutes § 14-295. Additionally, the Second Count combines recklessness with gross negligence allegations. Gross negligence is not recognized in Connecticut and the allegations regarding recklessness are not pleaded with sufficient factual detail to distinguish it from the negligence cause of action asserted in the First Count. For these reasons the prayer for relief seeking double/treble damages and/or punitive damages should be stricken.
The court has reviewed the relevant statutes of the State of Vermont CT Page 4265 alleged by the plaintiff and cited in the plaintiff's memorandum of law. Title 23 § 1091 of the Vermont Statutes titled "Negligent operation; grossly negligent operation" sets forth the criminal penalties for a person convicted of operating a motor vehicle on a public highway in a grossly negligent manner. It does not by its express terms create a civil cause of action in Vermont or in Connecticut.
Accordingly for the reasons set forth herein the defendants' motion to strike the Second Count of the plaintiff's Revised Amended Complaint, is hereby granted.
The Court,
By, ____________________ Arnold, J
 APPENDIX A
Vermont Statutes Cited:
Title 23: Motor Vehicles, Chapter 13: Operation of Vehicles
23 V.S.A. § 1031. Driving to Right.
23 V.S.A. § 1038. Driving on roadways laned for traffic.
23 V.S.A. § 1081. Basic rule and maximum limits. CT Page 4266
23 V.S.A. § 1091. Negligent operation; grossly negligent operation.
23 V.S.A. § 1097. Excessive speed.
 23 V.S.A. § 1201. Operating vehicle under the influence of intoxicating liquor or other substance; criminal refusal.
 The Vermont Statutes Title 23: Motor Vehicles Chapter 13: Operation of Vehicles 23 V.S.A. § 1031. Driving to right
§ 1031. Driving to right
(a) Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, except as follows:
(1) When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement;
(2) When an obstruction exists making it necessary to drive to the left of the center of the highway; provided, any person so doing shall yield the right of way to all vehicles traveling in the proper direction upon the unobstructed portion of the highway within such distance as to constitute an immediate hazard;
(3) Upon a roadway divided into three marked lanes for traffic under the rules applicable thereon; or
(4) Upon a roadway restricted to one-way traffic.
(b) Upon all roadways any vehicle proceeding at less than the normal speed of traffic at the time and place and under the conditions then existing shall be driven in the righthand lane then available for traffic, or as close as practicable to the right-hand curb or edge of the roadway, except when overtaking and passing another vehicle proceeding in the same direction or when preparing for a left turn at an intersection or into a private road or driveway.
(c) Upon any roadway having four or more lanes for moving traffic and providing for two-way movement of traffic, no vehicle shall be driven to the left of the center line of the roadway, except when authorized by CT Page 4267 official traffic-control devices designating certain lanes to the left side of the center of the roadway for use by traffic not otherwise permitted to use such lanes, or except as permitted under subdivision (a) (2) hereof However, this subsection shall not be construed as prohibiting the crossing of the center line in making a left turn into or from an intersecting highway, an alley, private road or driveway when authorized. (Added 1971, No. 258 (Adj. Sess.), § 3, eff. March 1, 1973.)
 The Vermont Statutes Title 23: Motor Vehicles Chapter 13: Operation of Vehicles 23 V.S.A. § 1038. Driving on roadways laned for traffic
§ 1038. Driving on roadways laned for traffic
Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules shall apply in addition to all others consistent therewith:
(1) A vehicle shall only be driven, as nearly as practicable, entirely within a single lane and shall not be moved from that lane until the driver has fast ascertained that the movement can be made with safety.
(2) Upon a roadway which is divided into three lanes and provides for two-way movement of traffic, a vehicle may be driven in the center lane only when overtaking and passing another vehicle traveling in the same direction when the center lane is clear of traffic within a safe distance, or in preparation for making a left turn or where the center lane is at the time allocated exclusively to traffic moving in the same direction that the vehicle is proceeding and the allocation is designated by official traffic-control devices.
(3) Official traffic-control devices may be erected directing specified traffic to use a designated lane or designating those lanes to be used by traffic moving in a particular direction regardless of the center of the roadway, and drivers of vehicles shall obey the directions of the signs.
(4) Official traffic-control devices may be installed prohibiting the changing of lanes on sections of roadway, and drivers of vehicles shall obey the directions of these devices. (Added 1971, No. 258 (Adj. Sess.), § 3, eff. March 1, 1973.) CT Page 4268
 The Vermont Statutes Title 23: Motor Vehicles Chapter 13: Operation of Vehicles 23 V.S.A. § 1081. Basic rule and maximum limits
§ 1081. Basic rule and maximum limits
(a) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions, having regard for the actual and potential hazards then existing. In every event speed shall be controlled as necessary to avoid colliding with any person, vehicle or other object on or adjacent to the highway.
(b) Except when there exists a special hazard that requires lower speed in accordance with subsection (a) of this section, the limits specified in this section or established as hereinafter authorized are maximum lawful speeds, and no person shall drive a vehicle on a highway at a speed in excess of fifty miles per hour.
(c) The maximum speed limits set forth in this section may be altered in accordance with sections 1003, 1004, 1007 and 1010 of this title.
(d) The driver of every vehicle shall, consistent with the requirements of subsection (a) of this section, drive at an appropriate, reduced speed when approaching and crossing an inter section or railway grade crossing, when approaching and going around a curve, when approaching the crest of a hill, when traveling upon any narrow or winding roadway, and when special hazard exists. (Added 1971, No. 258 (Adj. Sess.), § 3, eff. March 1, 1973.)
 The Vermont Statutes Title 23: Motor Vehicles Chapter 13: Operation of Vehicles 23 V.S.A. § 1091. Negligent operation; grossly negligent operation
§ 1091. Negligent operation; grossly negligent operation
(a) Negligent operation.
(1) A person who operates a motor vehicle on a public highway in a CT Page 4269 negligent manner shall be guilty of negligent operation.
(2) The standard for a conviction for negligent operation in violation of this subsection shall be ordinary negligence, examining whether the person breached a duty to exercise ordinary care.
(3) A person who violates this subsection shall be imprisoned not more than one year or fined not more than $1,000.00, or both. If the person has been previously convicted of a violation of this subsection, the person shall be imprisoned not more than two years or fined not more than $3,000.00, or both.
(b) Grossly negligent operation.
(1) A person who operates a motor vehicle on a public highway in a grossly negligent manner shall be guilty of grossly negligent operation.
(2) The standard for a conviction for grossly negligent operation in violation of this subsection shall be gross negligence, examining whether the person engaged in conduct which involved a gross deviation from the care that a reasonable person would have exercised in that situation.
(3) A person who violates this subsection shall be imprisoned not more than two years or fined not more than $5,000.00, or both. If the person has previously been convicted of a violation of this section, the person shall be imprisoned not more than four years or fined not more than $10,000.00, or both. If serious bodily injury as defined in section 1021 of Title 13 or death of any person other than the operator results, the person shall be imprisoned for not more than 15 years or fined not more than $15,000.00, or both.
(c) The provisions of this section do not limit or restrict the prosecution for manslaughter.
(d) A person convicted of violating subsection (b) of this section shall be assessed a surcharge of $50.00, which shall be added to any fine or surcharge imposed by the court. The court shall collect and transfer the surcharge assessed under this subsection to be credited to the DUI enforcement fund. The collection procedures described in13 V.S.A. § 5240
shall be utilized in the collection of this surcharge. (Added 1971, No. 258 (Adj. Sess.), § 3, eff. March 1, 1973; amended 1981, No. 220 (Adj. Sess.); 1991, No. 55, § 16; 1995, No. 21, § 4; 1995, No. 151 (Adj. Sess.), § 2; 1997, No. 117 (Adj. Sess.), § 23.)
 The Vermont Statutes
CT Page 4270 Title 23: Motor Vehicles Chapter 13: Operation of Vehicles 23 V.S.A. § 1097. Excessive speed
§ 1097. Excessive speed
No person shall operate a motor vehicle on a public highway at a speed of 60 miles per hour or more and at least 30 miles per hour in excess of a state speed zone or local speed limit. A person who violates this section shall be imprisoned upon a first conviction not more than three months or fined not more than $300.00, or both; and upon a second conviction shall be imprisoned not more than six months or fined not more than $500.00, or both. (Added 1989, No. 109, § 5, eff. July 1, 1990.)
 The Vermont Statutes Title 23: Motor Vehicles Chapter 13: Operation of Vehicles 23 V.S.A. § 1201. Operating vehicle under the influence ofintoxicating liquor or other substance; criminal refusal
§ 1201. Operating vehicle under the influence of intoxicating liquoror other substance; criminal refusal
(a) A person shall not operate, attempt to operate, or be in actual physical control of any vehicle on a highway:
(1) when the person's alcohol concentration is 0.08 or more, or 0.02 or more if the person is operating a school bus as defined in subdivision 4 (34) of this title; or
(2) when the person is under the influence of intoxicating liquor; or
(3) when the person is under the influence of any other drug or under the combined influence of alcohol and any other drug to a degree which renders the person incapable of driving safely.
(b) A person who has previously been convicted of a violation of this section shall not operate, attempt to operate, or be in actual physical control of any vehicle on a highway and refuse a law enforcement officer's reasonable request under the circumstances for an evidentiary CT Page 4271 test where the officer had reasonable grounds to believe the person was in violation of subsection (a) of this section.
(c) A person shall not operate, attempt to operate, or be in actual physical control of any vehicle on a highway and be involved in an accident or collision resulting in serious bodily injury or death to another and refuse a law enforcement officer's reasonable request under the circumstances for an evidentiary test where the officer has reasonable grounds to believe the person has any amount of alcohol in the system.
(d) The fact that a person charged with a violation of this section is or has been entitled to use a drug under the laws of this state shall not constitute a defense against any charge of violating this section.
(e) A person may not be convicted of more Inn one offense under this section arising out of the same incident.
(f) For purposes of this section, if the state has established a prima facie case with respect to the element of operation, the defendant may assert as an affirmative defense, to be proven by clear and convincing evidence, that the person was not in actual physical control of the vehicle because the person:
(1) had no intention of operating the vehicle; and
(2) had not in fact operated the vehicle in violation of subsection (a) of this section. (Added 1969, No. 267 (Adj. Sess.), § 1; amended 1973, No. 16, § 1, eff. March 1, 1973; No. 79, § 1, eff. May 23, 1973; 1975, No. 10, § 2, eff April 9, 1975; 1981, No. 103, §§ 2, 2a; 1983, No. 212 (Adj. Sess.), § 5; 1989, No. 68, § 2, eff. Dec. 1, 1989; 1991, No. 55, § 2; 1997, No. 56, § 1, eff. Aug. 1, 1997; 1999. No. 116 (Adj. Sess.), § 2; No. 160 (Adj. Sess.), § 15.)