**AMERICAN NATIONAL FIRE INSURANCE CO.**

v.

**A. SECONDINO & SONS, L & D Land Co., and American Roofing Co.**

**Civ. A. No. 3:92–609 (JAC).**

United States District Court, D. Connecticut.

Sept. 22, 1993.

John F. Murphy, Jr., Robinson & Cole, Hartford, CT, for plaintiff.

Brian W. Smith, McGrail, Carroll & Sheedy, New Haven, CT, for defendant A. Secondino & Sons.

Dion W. Moore, Williams, Cooney & Sheehy, Bridgeport, CT, for defendant L & D Land Co.

## RULING ON MOTION FOR SUMMARY JUDGMENT

JOSÉ A. CABRANES, Chief Judge:

The question presented in this diversity action is whether a common law negligence claim based on the performance of services after a product is placed into the stream of commerce is covered, and hence barred, by the Connecticut Product Liability Act ("CPLA"), Conn.Gen.Stat. §§ 52–572m, *et seq.* Pending before the court is the defendant A. Secondino & Son's Motion for Summary Judgment (filed January 19, 1993).

### BACKGROUND

This action arose from a flood that occurred on December 28, 1990 at certain premises located at 674 Foxon Road, Route 80, East Haven, Connecticut ("premises"), which were leased to a computer retail company, Turbo Computer Corporation ("Turbo"). The plaintiff, American National Fire Insurance Company ("American National"), is an insurance company that—it claims—is subrogated to the rights of Turbo. According to the plaintiff, the flood caused extensive damage to Turbo's property and business and was paid for by the plaintiff.

The plaintiff alleges that the flood was caused by a defective roof and various roofing products sold, supplied, designed, and installed by the defendant A. Secondino & Sons ("Secondino") and by subsequent negligent service and repair to the roof. The plaintiff's claims against Secondino are based on both common law negligence and the CPLA.

The plaintiff further alleges that the landlord of the premises, the defendant L & D Land Company ("L & D"), breached its duty to use reasonable care and keep the premises reasonably safe and its duty to maintain and repair the premises.

Finally, all claims against the defendant American Roofing Company have been dismissed pursuant to the Stipulation of Dismissal (filed September 10, 1993) which was approved by the court, absent objection, on September 20, 1993.

On January 19, 1993, the defendant Secondino filed a motion for summary judgment. On April 7, 1993, the court granted that motion, absent timely objection or response of any kind from the plaintiff. However, that Order was vacated on May 24, 1993, after the court granted the plaintiff's Motion to Reopen Judgment (filed April 13, 1993). After full briefing on the merits of Secondino's motion for summary judgment, the court heard oral argument on September 20, 1993 and reserved decision.

### DISCUSSION

In its motion for summary judgment, the defendant Secondino argues that the plaintiff's claim under the CPLA set forth in Count Seven of the Amended Complaint bars the plaintiff's common law negligence claim in Count Eight of the Amended Complaint. According to Secondino, the CPLA reaches all conduct which affects the safety of a product prior to its entry into the stream of commerce. Secondino contends that the CPLA applies in this action and that, as a result, Conn.Gen.Stat. § 52–572n(a) provides the exclusive remedy available to the plaintiff. The defendant further maintains that the plaintiff's allegations of negligence in paragraph 21 of Count Seven are also barred by the CPLA.

In opposition to the motion, the plaintiff argues that the CPLA applies only to Count Seven, and not to Count Eight. The plaintiff posits that while Count Seven is a product liability claim, Count Eight is not predicated on a defective condition in the roofing products at the time they were placed into the stream of commerce, but rather, on *subsequent* negligent service and repair of the roof. The plaintiff therefore maintains that the CPLA does not bar its common law negligence claim.

In its reply, Secondino argues that the plaintiff's narrow construction of the CPLA does not comport with the broad scope of the statute envisaged by the Connecticut General Assembly and the Connecticut courts and that the allegations set forth in Count Eight fall squarely within the parameters of the CPLA.

■ There is no doubt that Conn.Gen.Stat. § 52–527m(b), which defines "product liability claim," "must be broadly construed in light of the purposes of the statute." *Rodia v. Tesco Corp.,* 11 Conn.App. 391, 396, 527 A.2d 721 (1987). "In order to meet this purpose, it is necessary that the [CPLA] be read to reach all conduct which affects the safety of a product prior to its entry into the stream of commerce." *Id.* Moreover, "[t]he legislature clearly intended to make [the CPLA] an exclusive remedy for claims falling within its scope." *Winslow v. Lewis–Shepard, Inc.,* 212 Conn. 462, 471, 562 A.2d 517 (1989).

### A.

■ The question presented in this action is whether a common law negligence claim which involves the performance of services conducted *after* the installation and sale of the products in question falls within the scope of the statue. Neither *Winslow* nor *Rodia* touch this question, inasmuch as both cases precluded claims that involved conduct *prior* to the entry of the product into the stream of commerce. The defendant Secondino has not brought to the attention of the court a single case—and the court has found none—in which a Connecticut court has expressly held that a common law claim based on repairs or service conducted *after* and apart from the sale and installation of a product were barred by the CPLA.

The court is convinced that this case falls squarely within the holding of *Royal Insurance Company v. Belle Camperland,* 1990 WL 277247, 1990 Conn.Super. LEXIS 1452 (Conn.Sup.Ct. October 8, 1990), which held that allegations concerning repairs to a motor home subsequent to its sale were not covered by the CPLA. This holding was repeated only a few months ago in *Paul Campbell v. Sound Rigging Services, Inc.,* 1993 WL 213743, 1993 Conn.Super. LEXIS 1545 (Conn.Sup.Ct. June 9, 1993), which held that even if a defendant is a "product seller" within the CPLA for the purposes of one of the plaintiff's claims, it may still be a repairer, and hence not covered by the CPLA, for the purposes of other claims set forth in the complaint.

It bears noting that neither the Connecticut Superior Court in *Belle Camperland* and *Campbell,* nor this court in this action, purports to modify or overturn *Winslow* or *Rodia* in any manner. Simply put, the cases relied on by the defendant Secondino are inapposite here. While those cases were concerned exclusively with conduct that occurred prior to sale, Count Eight in this case, which falls within the scope of *Camperland* and *Campbell,* involves the performance of services *subsequent* to sale. Accordingly, the court holds that claims addressed to negligent repairs and service performed after the product was placed in the stream of commerce are not covered—and hence not barred—by the CPLA.

### B.

■ As for Secondino's claim that the plaintiff's allegations of negligence in paragraph 21 of Count Seven are barred by the CPLA, even a cursory glance at the statute reveals that the plaintiffs are permitted to allege negligence in a claim based on the CPLA.

> "Product liability claim" includes all claims or actions brought for … property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warning, instructions, marketing, packaging or labeling of any product. "Product liability claim" shall include, but is not limited to, all actions based on the following theories: Strict liability in tort; *negligence;* breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation or nondisclosure, whether negligent or innocent.

Conn.Gen.Stat. § 52–572m(b) (emphasis added). It is therefore clear on the face of the statute that Secondino's argument that a claim under the CPLA cannot be based on allegations of negligence is without merit. What the CPLA prevents is the inclusion of a *separate common law* claim alleging conduct which is covered by the act. There is no indication that paragraph 21 of Count Seven

is separate from the plaintiff's claim under the CPLA.[1]

### C.

Inasmuch as Count Eight alleges conduct not covered by the CPLA, and inasmuch as paragraph 21 of Count Seven is properly alleged as part of a claim under the CPLA, the defendant's motion for summary judgment must be denied.

### *CONCLUSION*

Based on the record, and for the reasons stated above, it is hereby ORDERED that:

1. The defendant A. Secondino & Son's Motion for Summary Judgment (filed January 19, 1993) (doc. # 6) is hereby DENIED.

2. The plaintiff shall file, by no later than October 11, 1993, a Second Amended Complaint which:

   (a) deletes all claims against the defendant American Roofing Company inasmuch those claims have been dismissed;

   (b) sets forth one count (and one count only) pursuant to the CPLA alleging conduct by Secondino which occurred prior to the sale and installation of the roof; and

   (c) sets forth an entirely distinct count concerning Secondino's repairs and service to the roof subsequent to its sale and installation.[2]

It is so ordered.

---

1. The incorporation of ¶ 21 of Count Seven into ¶ 17 of Count Eight, however, is inappropriate inasmuch as the conduct referred to in those paragraphs clearly falls within the scope of the CPLA.

2. As suggested earlier, this count shall omit any reference to the conduct alleged in ¶ 17 of Count Eight since that conduct is covered by the CPLA and thus cannot be part of a claim not brought under the CPLA.