Lawrence THOMAS, Plaintiff,

v.

MAZAK CORPORATION, Defendant.

No. 3:01–CV–2115(JCH).

United States District Court,
D. Connecticut.

Dec. 30, 2002.

Gerald S. Sack, Sack, Spector & Karsten, West Hartford, CT, for Lawrence Thomas.

William A. Ruskin, Jose M. Rojas, Shipman & Goodwin, Hartford, CT, Marina A.

Spinner, Nicoletti, Gonson & Beilat, New York City, for Mazak Corp.

Michael Jay McAuliffe, Anne Kelly Zovas, Heather Klineberg, Pomeranz, Drayton & Stabnick, Glastonbury, CT, for United Technologies Corp.

Richard J. Kenny, Kenny, O'Keefe & Usseglio, Hartford, CT, for Pratt & Whitney Aircraft, Div. of United Tech Corp.

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 18]

HALL, District Judge.

The plaintiff, Lawrence Thomas ("Thomas"), brings this action against the defendant, Mazak Corporation ("Mazak"), alleging violations of the Connecticut Product Liability Act ("CPLA"), Conn. Gen.Stat. §§ 52–572m to 52–572q, and Connecticut common law. Thomas complaint includes two counts, which allege two alternative theories under which Mazak is liable for an injury he sustained while operating the Mazak Multiplex 620, a machine Mazak manufactured and distributed ("the machine"). The first is a negligence claim, brought under Connecticut common law, which alleges that Mazak is liable for the injury because it negligently repaired and maintained the machine post-sale. Thomas brings his second claim pursuant to the CPLA, alleging that, in the alternative, Mazak is liable for his injury because the machine, when sold, was defective, unreasonably dangerous and not of merchantable quality.

Mazak moves for summary judgment on both counts. Mazak argues that plaintiff's first count is governed by the exclusivity provisions of the CPLA, Conn. Gen.Stat. § 52–572n, and therefore, Thomas' common law cause of action must be dismissed. In addition, Mazak claims that second count of Thomas' complaint, brought under the CPLA, is barred by the CPLA's statute of repose, Conn. Gen.Stat. § 52–577a, because the injury occurred more than ten years after Mazak surrendered possession and control of the machine. For the reasons stated below, Mazak's Motion for Summary Judgment [Dkt. No. 18] is granted in part and denied in part.

## I. FACTS

Mazak installed the Mazak Multiplex 620, the machine that is the subject of this lawsuit, at Thomas' employer, Pratt & Whitney, in April of 1991. Mazak completed installation of the machine on May 20, 1991. In the years following Mazak's installation of the machine, Mazak performed maintenance and repairs on it on several occasions. Mazak made service calls pursuant to a written warranty on five occasions between April and August of 1991. Mazak also performed non-warranty work on the machine on eleven occasions between February of 1994 and July of 2000. During none of these service calls did Mazak perform any maintenance or repair on the chuck or the foot pedal of the machine.

On August 3, 2000, Thomas was operating the machine in the course of his employment at Pratt & Whitney. While he was in the process of removing a chuck from the machine, Thomas accidentally stepped on the foot pedal, causing the chuck to crush his right and left ring and middle fingers. Thomas filed this action on November 13, 2001, claiming that, as a result of this accident, he has suffered pain and scarring, has needed surgery and other medical services, has lost wages, and suffers from shock, fright, nervousness, anxiety and emotional distress.

## II. DISCUSSION

### A. Standard for Summary Judgment

In a motion for summary judgment, the burden is on the moving party to establish

that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Marvel Characters, Inc. v. Simon,* 310 F.3d 280, 286 (2d Cir. 2002). The burden of showing that no genuine factual dispute exists rests upon the moving party. *Marvel Characters Inc.,* 310 F.3d at 286. Once the moving party has met its burden, in order to defeat the motion the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505, and present such evidence that would allow a jury to find in his favor. *Graham v. Long Island R.R.,* 230 F.3d 34, 38 (2d Cir.2000).

In assessing the record, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505; *Lucente v. International Business Machines Corp.,* 310 F.3d 243, 253 (2d Cir. 2002). "Summary judgment is improper if there is any evidence in the record that could reasonably support a jury's verdict for the moving party." *Lucente,* 310 F.3d at 254. When reasonable persons, applying the proper legal standards, could differ in their responses to the questions raised on the basis of the evidence presented, the question is best left to the jury. *Sologub v. City of New York,* 202 F.3d 175, 178 (2d Cir.2000).

"The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson,* 477 U.S. at 247–48, 106 S.Ct. 2505 (emphasis in original). The substantive law of the claim governs materiality, as "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248, 106 S.Ct. 2505.

**B. Count One and the Exclusivity Provisions of the CPLA**

■ Mazak argues that it is entitled to summary judgment on Count One of Thomas' complaint, which alleges violations of Connecticut common law based on a theory of negligence, because the exclusivity provision of the CPLA requires that all claims sounding in products liability be pled under that statute. Thomas argues that his claim is not barred because it arises not out of the sale of a defective product, but rather from the negligent servicing of that product after its sale to Pratt & Whitney.

The CPLA provides, "[a] product liability claim ... may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product." Conn. Gen.Stat. § 52–572n(a). A product liability claim includes "all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product." Conn. Gen.Stat. § 52–572m(b).

■ Connecticut courts have uniformly and consistently held that the CPLA " 'provides the exclusive remedy for a claim falling within its scope, thereby denying a claimant the option of bringing common law causes of action for the same claim.' " *Allard v. Liberty Oil Equipment Co., Inc.,* 253 Conn. 787, 800, 756 A.2d 237 (2000) (quoting *Winslow v. Lewis–Shepard, Inc.,* 212 Conn. 462, 463, 562 A.2d 517

**138**

(1989)). This exclusivity applies even in cases where a cause of action under the CPLA would be barred by its statute of limitations. *See Winslow,* 212 Conn. at 465, n. 3, 562 A.2d 517.

■ The CPLA, does not, however, bar common law causes of action that are related to post-sale service performed on a product. *American Nat'l Fire Ins. Co. v. A.Secondino & Sons,* 832 F.Supp. 40, 42 (D.Conn.1993). In *American National,* the plaintiff brought a cause of action sounding in negligence against the defendant, who was both the seller of roofing products and an entity that performed maintenance and repair on the roof following its installation, alleging that the defendant's post-sale service and repair of the roof was negligently performed. *Id.* at 41. The court held the cause of action was not barred by the exclusivity provision of the CPLA because the count was "not predicated on a defective condition in the roofing products at the time they were placed into the stream of commerce, but rather, on *subsequent* negligent service and repair of the roof." *Id.* (emphasis in original). The court noted that, "even if a defendant is a 'product seller' within the CPLA for the purposes of one of the plaintiff's claims, it may still be a repairer, and hence not covered by the CPLA, for the purposes of other claims set forth in the complaint." *Id.* at 42; *see also Campbell v. Sound Rigging Svcs.,* No. 66694, 1993 WL 213743 at *3–4 (Conn.Super.Ct. June 9, 1993) (negligence claim based on post-sale repairs of product not encompassed by CPLA); *Royal Ins. Co. v. Belle Camperland, Inc.,* No. CV 366545, 1990 WL 277247 at *2 (Conn.Super.Ct. Oct. 8, 1990) (same).

Count One of Thomas' complaint alleges that Mazak is liable for his injury because it negligently (1) failed to warn Pratt & Whitney that the machine did not comply with safe industry standards because it did not have guards for the foot pedals, (2) failed to advise Pratt & Whitney of the availability of guards for the foot pedals, and (3) improperly maintained the machine by failing to add guards for the foot pedals. While the first two negligence bases could also have arisen in connection with the sale of the machine, this is not the plaintiff's claim. Thomas expressly alleges that all above negligent acts or failures to act occurred in connection with Mazak's "maintenance and repairs of the machine" after the machine's sale and distribution. Compl. Ct. 1 ¶ 2; *see also* Pl.'s 9(c)(2) Statement ¶ 5. Because Count One alleges Mazak was negligent in its post-sale service of the machine, the claim is not brought against Mazak as a product seller for an injury caused by its product. Therefore, it is not incorporated into the CPLA, nor is it barred by the statute's exclusivity provision.

**C. Count Two and the CPLA's Statute of Repose**

■ Count Two of Thomas' complaint states a claim for products liability under the CPLA. Mazak argues that the CPLA's statute of repose, Conn. Gen.Stat. § 52–577a, bars Thomas' claim because Thomas filed the complaint in this action more than ten years after Mazak surrendered "possession or control" of the machine. Although Thomas concedes that Mazak sold the machine to Pratt & Whitney more than ten years prior to the filing of his complaint, he argues that Mazak did not part with possession or control of the machine on that date due to its post-sale servicing of the machine.

Section 52–577a of the Connecticut General Statutes provides "no [product liability] action may be brought against any party nor may any party be impleaded pursuant to subsection (b) later than ten

years from the date that the party last parted with possession or control of the product." Conn. Gen.Stat. § 52–577a(a). The terms "possession" and "control" are not defined in the statute; therefore a court should " 'look to the common understanding expressed in the law and in dictionaries.' " *Kelemen v. Rimrock Corp.,* 207 Conn. 599, 605, 542 A.2d 720 (1988)(quoting *Doe v. Manson,* 183 Conn. 183, 186, 438 A.2d 859 (1981)). In interpreting this statute, the Connecticut Supreme Court has noted that "possession" is "the act or condition of having in or taking into one's control or having at one's disposal. . . ." *Id.* (internal citation and quotation marks omitted). "Control" is "the power or authority to guide or manage: directing or restraining domination." *Id.*

Case law indicates that the surrounding circumstances determine whether a post-sale servicing arrangement constitutes "possession or control" of a product. *See, e.g., Daily v. New Britain Machine Co.,* 200 Conn. 562, 568, 512 A.2d 893 (1986). Factors to consider include the number of service calls made by the defendant, whether or not those calls were made pursuant to a service contract, and the extent of the defendant's influence over the maintenance and operation of the machine. *See id.*

In *Daily v. New Britain Machine Co., supra,* the Connecticut Supreme Court determined that the defendant did not retain possession or control over the product at issue merely because it made a courtesy check and service call on the product within the ten years preceding the filing of the plaintiff's complaint. *Id.* at 569, 512 A.2d 893. The court's decision was influenced by the following facts: the defendant's contacts with the product were all made at the plaintiff's request; there was no service contract between the plaintiff and the

defendant; and the defendant "had no power to influence what parts would be run on the machine, what molds would be employed, what hours the machine would be run, what maintenance would be performed, or who would service or operate the machine." *Id.* at 568, 512 A.2d 893.

Another court in this district reached the opposite result on different facts. *Nicholson v. United Technologies Corp.,* 697 F.Supp. 598, 601 (D.Conn.1988). In *Nicholson,* the court denied the defendant summary judgment on the statute of limitations issue because the plaintiff demonstrated that the defendant performed extensive service on the product (lasting approximately five months) during the ten-year limitations period. *Id.* at 600. Furthermore, written contracts required the defendant to inspect and repair the product, including the portions containing the alleged defect. *Id.* The court held that these circumstances, when taken together, were sufficient to raise a material issue of fact as to the extent of the defendant's possession and control of the product. *Id.* at 600–01.

The undisputed facts show that Mazak's contacts with the machine at issue in this case are akin to those in *Daily* and much less significant than those in *Nicholson.* Although Thomas notes that Mazak performed warranty work, pursuant to a written contract, on the machine four times between April and August of 1991, all of these service calls took place more than ten years prior to the filing of Thomas' complaint. Therefore, even if these service calls were significant enough to constitute possession or control of the machine, Thomas' claim would still be barred by the statute of repose.

Furthermore, the eleven service calls Mazak made between February of 1994 and July of 2000 were done at Pratt & Whitney's request and were not pursuant

to a written service agreement. Neither has Thomas demonstrated that Mazak had any control over decisions regarding maintenance options, use of particular parts, service providers, or staffing of operators. As a result, Thomas has not created a material issue of fact concerning Mazak's possession or control of the machine during the ten years prior to the filing of his complaint. Therefore, Mazak's motion for summary judgment with respect to Count Two of Thomas' complaint is granted.

### III. CONCLUSION

For the reasons stated above, Mazak's Motion for Summary Judgment [Dkt. No. 18] is GRANTED in part and DENIED in part. With respect to Count One of Thomas' complaint, Mazak's motion is denied. With respect to Count Two of Thomas' complaint, Mazak's motion is granted.

SO ORDERED.